

1   NANCY O. DIX, Bar No. 129150
    nancy.dix@dlapiper.com
2   JENNIFER M. FELDMAN, Bar No. 216645
    jennifer.feldman@dlapiper.com
3   DLA PIPER US LLP
    401 B Street, Suite 1700
4   San Diego, CA 92101-4297
    Tel: 619.699.2700
5   Fax: 619.699.2701

6   Attorneys for Defendant,
    GEMOLOGICAL INSTITUTE OF AMERICA, a
7   California Non-Profit Corporation

8                    UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10
    PARAIBA.COM, INC. and DAVID          CASE NO.  C08  02215  PVT
11  SHERMAN,
                                         DEFENDANT GEMOLOGICAL
12          Plaintiffs,                  INSTITUTE OF AMERICA'S RULE 7.1
                                         STATEMENT
13      v.

14  AMERICAN GEM TRADE                   FILED BY FAX
    ASSOCIATION, INC. (a corporation
15  licensed under the Laws of New York);
    GEMOLOGICAL INSTITUTE OF
16  AMERICA, INC.  (a California Non-Profit
    Corporation); BRAZIL IMPORTS, INC. (a
17  corporation Licensed under the Laws of the
    State of California); LUIZ NOGUERIA;
18  BARBARA LAWRENCE; OMI
    NAGPAL; KAMBIZ SABOURI; BETTY
19  SUE KING; SAM PODDER; JOHN
    BACHMAN; PETER BAZAR; ROBERT
20  BENTLEY; SORAYA CAYEN; SUSHIL
    GOYAL; BENJAMIN HACKMAN;
21  ROBERT KANE; GLENN LEHRER;
    SURINDER MITTAL; JOE ORLANDO;
22  ERIC SCHWOTZER; ERIC
    BRAUWART; WILLIAM LARSON; and
23  Does 1 through 200, inclusive.

24          Defendants.

25

26          Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, and to enable the judge and

27  magistrate judges of the Northern District of California to evaluate possible disqualification or

28  recusal, the undersigned counsel for Defendant Gemological Institute of America ("GIA")

DLA PIPER US LLP
   SAN DIEGO
                                        -1-
    SD\1816404.1        DEFENDANT GEMOLOGICAL INSTITUTE OF AMERICA'S RULE 7.1 STATEMENT


                              FILED BY FAX

1    certifies that GIA does not have a parent corporation and that no publicly held corporation owns

2    10% or more of GIA's stock.

3    Dated: April ___, 2008

DLA PIPER US LLP

By _____
NANCY O. DIX
JENNIFER M. FELDMAN

Attorneys for Defendant
GEMOLOGICAL INSTITUTE OF AMERICA,
a California Non-Profit Corporation

1  NANCY O. DIX, Bar No. 129150
   nancy.dix@dlapiper.com
2  JENNIFER M. FELDMAN, Bar No. 216645
   jennifer.feldman@dlapiper.com
3  COLIN P. PARENT, Bar No. 255510
   colin.parent@dlapiper.com
4  DLA PIPER US LLP
   401 B Street, Suite 1700
5  San Diego, CA 92101-4297
   Tel: 619.699.2700
6  Fax: 619.699.2701

7  Attorneys for Defendant,
   GEMOLOGICAL INSTITUTE OF AMERICA, a
8  California Non-Profit Corporation

9

10              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ

11  PARAIBA.COM, INC. and DAVID          CASE NO. CV 159941
    SHERMAN,
12                                       DEFENDANT GEMOLOGICAL
              Plaintiffs,                INSTITUTE OF AMERICA'S NOTICE TO
13                                       STATE COURT OF FILING OF NOTICE
         v.                              OF REMOVAL
14
15  AMERICAN GEM TRADE
    ASSOCIATION, INC. (a corporation
16  licensed under the Laws of New York);
    GEMOLOGICAL INSTITUTE OF
17  AMERICA, INC. (a corporation licensed
    under the laws of the State of California);
18  BRAZIL IMPORTS, INC. (a corporation
    Licensed under the Laws of the State of
19  California); LUIZ NOGUEIRA;
    BARBARA LAWRENCE; OMI
20  NAGPAL; KAMBIZ SABOURI; BETTY
    SUE KING; SAM PODDER; JOHN
21  BACHMAN; PETER BAZAR; ROBERT
    BENTLEY; SORAYA CAYEN; SUSHIL
22  GOYAL; BENJAMIN HACKMAN;
    ROBERT KANE; GLENN LEHRER;
23  SURINDER MITTAL; JOE ORLANDO;
    ERIC SCHWOTZER; ERIC
24  BRAUWART; WILLIAM LARSON; and
    Does 1 through 200, inclusive.
25
              Defendants.
26
27         PLEASE TAKE NOTICE that Defendant Gemological Institute of America ("GIA") has
28  filed its Notice of Removal to the United States District Court for Northern District of California,

1    San Jose Division, a copy of which is attached hereto as Exhibit A. GIA hereby files a copy of

2    the Notice with the Clerk of the Superior Court of Santa Clara County, California, in accordance

3    with 28 U.S.C. § 1446(d).

4         Respectfully submitted,

5    Dated: April 28 , 2008

6

7                        DLA PIPER US LLP

8                        By

9                        NANCY O. DIX
                         JENNIFER M. FELDMAN
10                       COLIN P. PARENT

11                       Attorneys for Defendant
                         GEMOLOGICAL INSTITUTE OF AMERICA,
12                       a California Non-Profit Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

SD\1816392.1

-2-

# EXHIBIT A

1   NANCY O. DIX, Bar No. 129150
    nancy.dix@dlapiper.com
2   JENNIFER M. FELDMAN, Bar No. 216645
    jennifer.feldman@dlapiper.com
3   DLA PIPER US LLP
    401 B Street, Suite 1700
4   San Diego, CA 92101-4297
    Tel: 619.699.2700
5   Fax: 619.699.2701

6   Attorneys for Defendant,
    GEMOLOGICAL INSTITUTE OF AMERICA, a
7   California Non-Profit Corporation

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11  PARAIBA.COM, INC. and DAVID          CASE NO.
    SHERMAN,
12                                       DEFENDANT GEMOLOGICAL
                Plaintiffs,              INSTITUTE OF AMERICA'S NOTICE OF
13                                       REMOVAL
          v.
14
    AMERICAN GEM TRADE
15  ASSOCIATION, INC. (a corporation
    licensed under the Laws of New York);
16  GEMOLOGICAL INSTITUTE OF
    AMERICA, INC. (a California Non-Profit
17  Corporation); BRAZIL IMPORTS, INC. (a
    corporation Licensed under the Laws of the
18  State of California); LUIZ NOGUERIA;
    BARBARA LAWRENCE; OMI
19  NAGPAL; KAMBIZ SABOURI; BETTY
    SUE KING; SAM PODDER; JOHN
20  BACHMAN; PETER BAZAR; ROBERT
    BENTLEY; SORAYA CAYEN; SUSHIL
21  GOYAL; BENJAMIN HACKMAN;
    ROBERT KANE; GLENN LEHRER;
22  SURINDER MITTAL; JOE ORLANDO;
    ERIC SCHWOTZER; ERIC
23  BRAUWART; WILLIAM LARSON; and
    Does 1 through 200, inclusive.
24
                Defendants.
25

26        Please take notice that Defendant Gemological Institute of America ("GIA") hereby

27  removes this action from the Superior Court of the County of Santa Cruz, California, to the

28  United States District Court for the Northern District of California, San Jose Division, pursuant to

                                        -1-
DLA PIPER US LLP
  SAN DIEGO      SD\1816331.1      DEFENDANT GEMOLOGICAL INSTITUTE OF AMERICA'S NOTICE OF REMOVAL

28 U.S.C §§ 1441 and 1331 because the action is subject to federal question jurisdiction. GIA respectfully states to this Court the following:

## I.    INTRODUCTION

On April 7, 2008, Plaintiffs Paraiba.com, Inc. and David Sherman ("Plaintiffs") filed this action against GIA in the Superior Court of the County of Santa Cruz, California, Case No. CV 159941. Plaintiffs allegations against GIA and Co-Defendants include a civil cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), pursuant to 18 U.S.C. § 1961. (Orig. Complt. at ¶ 53.)

Pursuant to 28 U.S.C. 1446(a) "a copy of all process, pleadings. and orders served upon such defendant or defendants in such action" are attached to this Notice as Exhibit A.

This action is one in which this Court has original subject-matter jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by GIA pursuant to 28 U.S.C. § 1441 because it is a civil action arising under the laws of the United States.

## II.    JURISDICTION DUE TO FEDERAL QUESTION :

According to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the... laws... of the United States." The cause of action under the RICO statute arises under 18 U.S.C. § 1961, a law of the United States. 28 U.S.C § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to a Federal District Court.

It has long been the law in the Ninth Circuit that RICO claims brought in state courts are removable to Federal district courts. *Contemporary Services Corp. v. Universal City Studios, Inc.*, 655 F. Supp. 885, 893 (C.D. Cal. 1987).

## III.    REMOVAL IS TIMELY

On April 18, 2008, GIA was served with a copy of the original Complaint. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## IV.    PROPER COURT FOR REMOVAL

The United States District Court for the Northern District of California, San Jose Division, embraces Santa Clara County, the county in which the state court action is now pending.

-2-

1  28 U.S.C. § 84(a).  Thus, this case is properly removed to this Court pursuant to 28 U.S.C.

2  § 1441(a).

3  **V.    INTRADISTRICT ASSIGNMENT**

4       Civil L.R. 3-2(e) requires that "all civil actions which arise in the counties of Santa Clara,

5  Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division" of this Court.

6  Because this action was filed originally in the Superior Court of the County of Santa Cruz,

7  California, the appropriate division for this case is the San Jose Division.

8  **VI.    JOINDER**

9       All defendants who are required to join in this notice of removal will join. Their notices of

10  joinder will be submitted individually to this Court.

11  **VII.    CONCLUSION**

12       Upon filing this Notice of Removal, written notice of the filing is being given by GIA to

13  Plaintiffs and counsel, and is being filed with the Clerk of the state court in which this cause of

14  action was originally filed, as required by 28 U.S.C. § 1446(d).

15       WHEREFORE, GIA hereby removes the above-styled action pending against it in the

16  Superior Court of the County of Santa Clara, California, to this Honorable Court.

17  Dated: April 28 , 2008

18                                              DLA PIPER US LLP

19

20                                              By

21                                                   NANCY O. DIX
                                                    JENNIFER M. FELDMAN
                                                    COLIN P. PARENT

22                                              Attorneys for Defendant
                                                GEMOLOGICAL INSTITUTE OF AMERICA,
23                                              a California Non-Profit Corporation

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO        SD\1816331.1

-3-
DEFENDANT GEMOLOGICAL INSTITUTE OF AMERICA'S NOTICE OF REMOVAL

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**FILED**

APR 0 7 2008

ALEX CALVO, CLERK
BY MICHELLE IRIS
DEPUTY, SANTA CRUZ COUNTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
American Gem Trade Association, Inc. (a corporation licensed under the Laws of New York), Gemological Institute of America, Inc (a corporation licensed under the laws of the State of California),
"Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
Parniha.Com, Inc. (a corporation licensed under the Laws of the State of Nevada), David Sherman

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es)
Santa Cruz County Superior Court
701 Ocean Street
Santa Cruz, CA 95060

**CASE NUMBER**
**(Número del Caso):**
**CV 159941**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
John P Hannon II    (831) 476-8005
716 Capitola Avenue, Suite F, Capitola, CA 95010    **ALEX CALVO**

DATE:    APR 0 7 2008    Clerk, by    **MICHELLE IRIS**    , Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other (specify):
4. [ ] by personal delivery on (date)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

SUM-200(A)

| SHORT TITLE | CASE NUMBER |
|---|---|
| PARAIBA.COM, INC , et al. v. AMERICAN GEM TRADE ASSOCIATION, et al | |

## INSTRUCTIONS FOR USE

▶ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons
▶ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.)

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Brazil Imports, Inc. (a corporation licensed under the Laws of the State of California); Luiz Nogueira; Barbara Lawrence, Omi Nagpal; Kambiz Sabouri, Betty Sue King; Sam Podder; John Bachman; Peter Bazar; Robert Bentley; Soraya Cayen; Sushil Goyal; Benjamin Hackman; Robert Kane; Glenn Lehrer; Surinder Mittal; Joe Orlando; Eric Schwolzer, Eric Brauwart, William Larson; and Does 1 through 200, inclusive.

Page __1__ of __1__

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

Page 1 of 1

**JOHN P. HANNON II**
SB No: 111692
716 Capitola Avenue, Ste. F
Capitola, Ca 95010
PH: (831) 476-8005
FAX: (831) 476-8984

Attorney for Plaintiff:
PARAIBA.COM, INC. and
DAVID SHERMAN

F I L E D

APR 0 7 2008

ALEX CALVO, CLERK
BY MICHELLE IRIS
DEPUTY SANTA CRUZ COUNTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

COUNTY OF SANTA CRUZ

PARAIBA.COM, INC. (a corporation
licensed under the Laws of the State
of Nevada); DAVID SHERMAN,

    Plaintiffs,

v.

AMERICAN GEM TRADE
ASSOCIATION, INC. (a corporation
licensed under the Laws of New York);
GEMOLOGICAL INSTITUTE OF
AMERICA, INC. (a corporation licensed
under the laws of the State of California);
BRAZIL IMPORTS, INC. (a corporation
Licensed under the Laws of the State of
California), LUIZ NOGUEIRA; BARBARA
LAWRENCE; OMI NAGPAL; KAMBIZ
SABOURI; BETTY SUE KING; SAM
PODDER, JOHN BACHMAN; PETER
BAZAR; ROBERT BENTLEY; SORAYA
CAYEN; SUSHIL GOYAL; BENJAMIN
HACKMAN; ROBERT KANE; GLENN
LEHRER; SURINDER MITTAL; JOE

NO:   **CV 159941**

COMPLAINT FOR DAMAGES

[Intentional Interference With
Prospective Business Advantage;
Negligent Interference With
Prospective Business Advantage;
Unfair Competition or Business
Practice; RICO Violation by Mail
Fraud and Wire Fraud]

1

1 | ORLANDO; ERIC SCHWOTZER; ERIC )
2 | BRAUWART; WILLIAM LARSON; )
  | and Does 1 through 200, inclusive. )
3 | )
  | Defendants. )
4 | _____ )

## FIRST CAUSE OF ACTION
### (Intentional Interference for Prospective Business Advantage)

1.  Plaintiff, David Sherman, is a residence of the State of California, County of Santa Cruz.

2.  Plaintiff, Paraiba.com, Inc., is a corporation licensed in the State of Nevada. Said Plaintiffs are doing business in the State of California, County of Santa Cruz.

3.  Plaintiffs are informed and believed and thereon alleges that Defendant, American Gem Trade Association, Inc. (hereinafter "AGTA") is a non-profit corporation licensed under the laws of the State of New York. In doing the things herein alleged, AGTA did some or all said acts in the State of California, County of Santa Cruz. Despite the fact that AGIA is a non-profit corporation, Plaintiffs are informed and believes that AGTA engages in practices and acts that are of a for profit purpose.

3.  Plaintiffs are informed and belief and thereon alleges that Defendant, Gemological Institute of America (hereinafter "GIA") is a non-profit corporation licensed under the laws of the State of California. GIA has its principle place of business in Carlsbad, California. Despite the fact that GIA is a non-profit corporation, Plaintiffs are informed and believes that GIA engages in practices and acts that are a for profit purpose.

4.  Plaintiffs are informed and believe that Defendant Brazil Imports, Inc., (hereinafter "BI") is a corporation licensed under the laws of the State of California. BI has its principle place of business in Fallsbrook, California.

2

5. Plaintiffs are informed and believe and thereon allege that Defendant, Luiz Noguiera, is the principle stockholder or beneficial owner of BI. In doing the things alleged herein, Luiz Noguiera was acting in both his individual capacity as well as in the capacity of corporate officer. Plaintiffs are informed and believe and thereon allege that the business and financial affairs of BI and Luiz Noguiera are so commingled and intertwined that there exists no actual corporate independence by BI. BI is an alter-ego of Luiz Noguiera and the court should ignore the corporate status of BI as being independent from Luis Noguiera.

6. Plaintiffs are informed and believe that Defendants, Barbara Lawrence, Omi Nagpal, Kambiz Sabouri, Betty Sue King, Sam Podder, John Bachman, Peter Bazar, Robert Bentley, Soraya Cayen, Sushil Goyal, Benjamin Hackman, Robert Kane, Glenn Lehrer, Surinder Mittal, Joe Orlando, Eric Schwotzer, Eric Brauwart, and William Larson are corporate directors of AGTA. Further, each of these individually named corporate directors was engaged in whole or in part with the illegal and improper actions alleged below. Plaintiffs are further informed and believe that Defendants, Omi Nagpal, Betty Sue King, Soraya Cayen, Glenn Lehrer, and William Larson are residents of the State of California.

7. Plaintiffs are unaware of the true names and identities of those individuals named herein as Does 1 through 200, inclusive. At such time as Plaintiff becomes aware of the true names and identities of such fictitiously named Defendants, Plaintiff will move this court for an order amending this complaint accordingly.

3

8. Each of the Defendants named herein was the agent, employee, or assign of the remaining Defendants, and, in doing the things hereinafter alleged, did said acts within the course and scope of such agency, assignment, or employment.

9. Plaintiff, David Sherman (hereinafter "Sherman") was and is the original developer of a mine in the Sao Jose de Batalha area of Brazil which is in the Paraiba province. This mine was in the business of extracting a quality gemstone in the tourmaline family of gemstones. Specifically, this gemstone is a cuprite-elbaite that has the general chemical structure of $(Na,Ca)_x(Li,Mn,Cu,Al)_3Al_6(Si,Al)_6O_{18}(BO_3)_3(OH,F)_4$ As a result of this unusual and unique chemical composition, the stone obtained from this area had a unique glow or translucence which led them to have a significant value.

10. As noted above, the gemstones that were extracted from the area in which Sherman was engaged in mining was in the Paraiba area of Brazil. As a result of the unique and unusual nature of the gemstone, these gemstones became known in the jewelry and gem business as being Paraiba tourmaline. Sherman was the only producer of this gemstone in the Paraiba area.

11. Because of the unusual and unique nature of these gemstones, the gemstones became highly valued in the jewelry and gem business. The going rate for a quality Paraiba stone was between $22,000.00 to $30,000.00 per carat. The Paraiba stone was introduced into the jewelry and gem trade and became an instant success.

12. In order to market the Paraiba stones, Sherman incorporated, Plaintiff Paraiba.com, Inc. This corporation marketed and sold the Paraiba stones throughout the world. Paraiba.com, Inc., had a valuable asset in its name in that prospective buyers knew of the nature and type of stones purchased from the corporate entity. The fact that a

4

stone was a Paraiba stone imputed a value to the stone simply because of the place of origin of the stone.

13. The Paraiba stones were of limited number. The Paraiba mine and the adjoining mines in the Brazilian state of Del Norte that extracted the same named stone soon ran out of recoverable quantities of gemstones. As a result, the value of the existing stones maintained a high level of value and the value of the remaining stone were of increasing value as time passed.

14. Defendant, AGTA is a corporation whose purpose includes the protection of the members of the trade association and promotion of such members' business.

15. Defendant, BI is a corporation that originally tried to develop the Paraiba mine. BI was unsuccessful in developing this mine and the mine came into the possession of Sherman. Sherman was wildly successful in the production of Paraiba stones.

16. BI knew of the valuable nature of the gemstones being taken from the mine that was in Sherman's possession. BI became aware of another Tourmaline deposit in Mozambique. Another deposit of similar Tourmaline was found in Nigeria (these finds in Mozambique and Nigeria are hereinafter collectively referred to as "African Stones") These stones are of an inferior quality and dissimilar to the Paraiba gemstones in appearance and quality. Whereas the Paraiba gemstones have an inner glowing quality, the African Stones are of indifferent luster.

17. The African stones have a different chemical composition than those of the Paraiba stones. Whereas the Paraiba stones have 2 to 3 percent copper concentration, the African Stones have only trace amounts of copper or, in rare cases, copper content of

approximately 1 percent. Furthermore, the stones do not have the same innate luminescence that so characterizes the Paraiba stone.

18. BI and various other persons including some or all of the individually named defendants in the present action began to import, sell and distribute the African stones throughout the United States. These stones were fraudulently represented as being Paraiba stones when, in fact, the stones were neither from Paraiba nor of the same, unique chemical composition as a true Paraiba gemstone. Plaintiffs are informed and believe and thereon allege that millions of dollars of these inferior stones were sold to the public under the moniker of being Paraiba stones. These sales were for the purpose of inflating the price of the inferior stones by defrauding the public into believing the African stones were of a higher quality and were from the Paraiba area of Brazil.

19. The African stone soon began to flood the markets. The effect on the Paraiba stone market was to depress the prices for the real Paraiba stones. Additionally, the value of the future value of the remaining Paraiba stones was diminished due to the belief that there was a virtually unlimited supply of such stones.

20. In approximately 2005, it became known in the jewelry industry that inferior African stones were being passed off by Defendants and others as Paraiba stones. Plaintiffs are informed and believe and thereon allege that AGTA, BI and other Defendants began to become concerned regarding civil and criminal liability for their fraudulent actions.

21. In order to cover up this fraudulent action, Defendants entered into a common scheme, plan or conspiracy wherein they agreed to redefine as a Paraiba stone any cuprous elbaite that contained copper and manganese. Each of the Defendants stood to

6

gain from this common, scheme, plan or conspiracy in that they had a vested economic

interest in preventing lawsuits for fraud, maintaining the value of the African stones, or in

protecting the members of the gem association. Further, AGTA had an economic interest

in maintaining the fiction of the African stones being Paraiba stones in that AGTA

charged for the preparation of certifications. AGTA would have been subject to litigation

for preparing misleading certifications. Additionally, AGTA wanted to continue to

charge fees to issue certifications falsely providing information to the public regarding

the origin of the African stones so as to continue to collect fees for the provision of such

certifications.

    22.  In furtherance of the common scheme, plan or conspiracy, Defendants,

commencing in 2005, collectively decided to redefine term of Paraiba stones to include

all cuprous elbaites regardless of place of origin.  AGTA used its power in the jewelry

business as the final arbiter regarding the qualifications and certification of gemstones to

widely disseminate the false information regarding the redefinition of Paraiba stones

    23.  The conduct of Defendants in redefining and marketing the African Stones as

Paraiba stones is a violation of 19 U.S.C. section 1304 in that the representation as to

place of origin are false.  Similarly, the conduct of Defendants constitutes false

advertising in violation of 15 U.S.C. sections 41 and 45.  The conduct of Defendants was

also deceptive under California Business and Professions Code section 17500 in that they

disseminated information that was false and untrue.

    24.  Despite the fact that the African stones were of inferior quality, the

manufacturers and miners of the African stones sought and obtained from AGTA that the

stones were Paraiba stones.  By obtaining these certificates, Defendants and the miners

7

1  engaged in a fraudulent business practice in that the stones were not from Paraiba, but

2  from Africa. Furthermore, the stones were of vastly inferior quality.

3      25. The net effect of the conduct of Defendants was to diminish the value of the

4  true Paraiba stone. Stones that had a value of $20,000.00 or $30,000.00 per carat were

5  now of far lesser value as potential buyers were unable to ascertain the market value of

6  the true Paraiba stones as opposed to the inferior African stones.

7      26. As a result of the conduct of Defendants, Defendants were able continue to

8  falsely market and sell African stones as Paraiba stones. They continued to obtain money

9  from purchasers of the African stones based upon these false representations set forth

10  above to their profit and to the loss of Plaintiff.

11      27. As a proximate result of the conduct of Defendants, Plaintiffs lost the value

12  of his reserved stock of Paraiba stones. As of the date that Defendants allowed for

13  debasement of the Paraiba name, Plaintiffs held in excess of 25,000 marketable carats of

14  Paraiba stones. Plaintiffs are informed and believed and thereon alleges that the value of

15  these stones has diminished greatly in value, but in an amount not less than

16  $20,000,000.00 as a result of the conduct of Defendants.

17      28. As a further proximate result of the conduct of Defendants, Plaintiffs have

18  lost the value of the Paraiba name including all of their costs and efforts to establish the

19  Paraiba name as a distinct and valuable commodity. Plaintiffs have lost the ability to

20  obtain future income and business advantage by Defendants interfering with the business

21  activities of Plaintiffs by doing the things alleged herein. Plaintiffs are prevented from

22  developing future sources of Paraiba stones due to the actions of Defendants in

23  depressing the market so that future mining activities have had to be curtailed.

24

25                                          8

29.  The conduct of Defendants intentionally interfered with the prospective business advantage enjoyed by Plaintiff as set forth herein.

30.  The conduct of Defendants was done for their own profit and with knowledge that the debasement of the Paraiba name and gemstones would result in financial loss to Plaintiff. The conduct of Defendants was, therefore, willful and wanton and done with conscious disregard for the rights and welfare of Plaintiff.  As a result, punitive damages in an amount according to proof but not less than $100,000,000.00 is hereby demanded. Wherefore, Plaintiff prays for judgment as set forth below:

## SECOND CAUSE OF ACTION
### (Negligent Interference with Prospective Business Advantage)

32.  Plaintiff hereby realleges the first cause of action as if fully set forth herein

33  In addition to the foregoing, AGTA and GIA have in general assumed a duty in the jewelry business as that of regulatory entities.  AGTA and GIA affirmatively represent to the public that they are the ultimate source regarding authenticity of gemstones.

34.  In doing the things herein alleged, Defendants have undertaken an authoritative position within the jewelry and gem business.  Defendants have held themselves out as being the final arbitrars of the quality and type of gem and gemstone. An AGTA and GIA certificate is routinely required by potential buyers prior to the purchase of a gemstone.

35  AGTA and GIA affirmatively represent to the public at large that there certificates have value and that they assure the value of a particular gem or gemstone.

9

36. The public at large has come to rely upon AGTA and GIA certificates in the extent that values are based upon these certificates. Such certificates are necessary in order to insure certain gems and gemstones and the fact that a particular gem or gemstone has an AGTA or GIA certificate will give value to that particular gem or gemstone.

37. In representing to the public at large, Defendants have also represented to various manufacturers and miners of gem and gemstones that the certificates are necessary for them to assure that inferior products are not used to adulterate the value of the manufactured or mined products. Defendants regularly advertise and solicit business from jewelers, miners and other producers of gems and gemstones for purposes of entering into contractual agreements to provide certificates of value and authenticity to said producers

38. By becoming the final arbitrars of the quality and value of gem and gemstones, Defendants have assumed a duty of due care and reasonable conduct in regard to the providing of certificates. This duty is owed to the public at large but, especially, to the miners and manufacturers of gem and gemstones. This duty of due care is to assure that the products to which the certificates issued are of the type and quality as described. In fact, Defendants allowed inferior gemstones to be qualified as Paraiba stones.

39. Defendants have breached their duty of due care in engaging in the acts as alleged herein. Specifically, Defendants have allowed their certification process to allow inferior gemstones to be qualified as being those of a different quality.

40. As a proximate result of the conduct of Defendants, Plaintiff had a loss of general and special damages as alleged herein.

Wherefore, Plaintiff prays for judgment as set forth below:

### THIRD CAUSE OF ACTION
#### (Unfair Competition or Business Practice)

41. Plaintiff hereby realleges the first and second cause of action as if fully set forth herein.

42. In doing the things herein alleged, Defendants engaged in a pattern and practice determined to defraud the public at large. Specifically, Defendants attempted to redefine inferior stones as being of a Paraiba origin. Such conduct constitutes fraud and deceit within the meaning of Civil Code sections, 1572, 1709 and 1710. Defendants are affirmatively representing something that is not true with the intent to have others rely upon such representation to their detriment. Furthermore the conduct of Defendants is false advertising within the meaning of California Business and Professions Code section 17500, et seq. The statements made by Defendants are reasonably likely to deceive the public at large, are untrue and known to be untrue by Defendants.

43. Plaintiffs are an individual suing pursuant to Business and Professions Code section 17204 and 17535.

44. The conduct of Defendants did an unfair business practices act within the meaning of Business and Professions Code section 17200. Defendants engaged in unlawful, unfair and fraudulent businesses act or have engaged in unfair, deceptive, untrue or misleading advertising.

45. The conduct of Defendants has resulted in damages as alleged herein.

46. The conduct of Defendants is subject to injunction pursuant to the provisions of California Business and Professions Code section 17200. Such injunctive orders should be issued as well at to a recovery in money damages. As part of this injunctive relief, Plaintiffs request that the court issue and order to require Defendants to purchase

back from all individuals any certifications of African Stones that have been issued as

providing that they are Paraiba stones.

47. Plaintiffs are entitled to attorneys' fees according to statute including

California Code of Civil Procedure section 1021.5. Plaintiffs have engaged in private

litigation, at least in part, in order to enforce an important public right of the general

public. As a result, attorney's fees according to proof should be ordered.

Wherefore, Plaintiffs pray for judgment as set forth below:

## FOURTH CAUSE OF ACTION
### (RICO Violation by Mail Fraud and Wire Fraud)

48. Plaintiffs hereby reallege the first cause of action as if fully set forth herein.

48. In doing the things herein alleged, Defendants have engaged in a pattern of

criminal activity that has damaged Plaintiffs.

50. The conduct of Defendants affects interstate commerce in that the actions of

Defendants deal with products that cross state lines as well as the borders of the United

States.

51. The acts of Defendants fall within the definition of a fraud or swindle within

the meaning of mail fraud under 18 U.S.C. section 1341 as well as wire fraud under 18

U.S.C. 1343.

52. Defendants engaged in many predicate acts in marketing and selling inferior

African stones in place of the more valuable Paraiba stones.

53. Pursuant to 18 U.S.C. section 1961, et seq. the conduct of Defendants

constitutes a violation of the Racketeer Influenced and Corrupt Organizations Act

("RICO") in that they have engaged in mail and wire fraud in interstate commerce.

12

54. Pursuant to the provisions of the RICO laws Plaintiffs are entitled to have the actual damages that they have suffered trebled. Additionally, Plaintiffs are entitled to an award of their attorney fees.

Wherefore Plaintiff prays for judgment as set forth below:

### PRAYER FOR RELIEF

Plaintiff hereby prays for relief as follows:

1. For general and special damages in an amount of $20,000,000.00.

2. For punitive damages in an amount of $100,000,000.00 or, in the alternative, that the actual damages suffered be trebled pursuant to statute

3. For an appropriate injunctive order to prevent the continued conduct of Defendants.

4. For attorney fees according to proof

5. For cost of suit incurred.

6. For such other and further relief as the court may deem just.

DATE: _7/ / /c/5_                       BY _____
                                           JOHN P. HANNON II
                                           Attorney for Plaintiffs:
                                           DAVID SHERMAN, et al.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JOHN P. HANNON II        SB NO.: 111692<br>716 CAPITOLA AVENUE, SUITE F<br>CAPITOLA, CA 95010<br><br>TELEPHONE NO. (831) 476-8005    FAX NO. (831) 476-8984<br>ATTORNEY FOR (Name): Paraiba.Com, inc., et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
  STREET ADDRESS: 701 OCEAN STREET
  MAILING ADDRESS: 701 OCEAN STREET
  CITY AND ZIP CODE: SANTA CRUZ, CA 95060
  BRANCH NAME: SANTA CRUZ

CASE NAME: Paraiba.Com, inc., et al. v. American Gem Trade Association, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☑ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☐ is    ☑ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:

JOHN P. HANNON II
    (TYPE OR PRINT NAME)                                        ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book account) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ

| | | |
|---|---|---|
| Santa Cruz Branch<br>701 Ocean Street, Room 110<br>Santa Cruz, CA 95060 | Watsonville Branch<br>1Second Street, Room 300<br>Watsonville, CA 95076 | *For Court Use Only*<br>F I L E D<br>APR 0 7 2008<br>ALEX CALVO, CLERK<br>BY MICHELLE IRIS<br>DEPUTY, SANTA CRUZ COUNTY |
| PLAINTIFF:     PARAIBA.COM INC | | |
| DEFENDANT: AMERICAN GEM TRADE ASSOCIATION INC | | |
| CASE MANAGEMENT INFORMATION AND SETTING | | CASE NO:<br>CISCV159941 |

This case is in Santa Cruz County's Case Management Program. It is the Duty of each party to be familiar with the california rules of court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and corss-defendants.

**ATTENTION DEFENDANT:** YOU HAVE 30 DAYS AFTER THE SUMMONS IS SERVED ON YOU TO FILE A RESPONSE TO THE COMPLAINT. THE DATE BELOW DOES NOT EXTEND THE TIME TO FILE A RESPONSE. SEE THE SUMMONS FOR INSTRUCTIONS FOR RESPONDING TO THE SUMMONS AND COMPLAINT.

The first Case Management Conference hearing date is:

Date: 08/05/08                    Time: 8:29                    Department No.: CVO ④

Address of the Court ☑ 701 Ocean Street, Santa Cruz, California          ☐ 1 Second Street, Watsonville, California

*Telephonic court appearances are provided through CourtCall to the court. To make arrangments to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing. DO NOT CALL THE COURT.*

# THE LAWYER'S PLEDGE

In order to raise the standards of civility and professionalism among counsel and between the Bench and the Bar, I hereby pledge the following:

1.     To at all times comply with the California Rules of Professional Conduct.
2.     To honor all commitments;
3.     To be candid in all dealings with the court and counsel;
4.     To uphold the integrity of our system of justice and not compromise personal integrity for the sake of a client case or cause;
5.     To seek to accomplish the client's legitimate goals by the most efficient and economical methods possible.
6.     To act in a professional manner at all times, to be guided by a fundamental sense of fair play in all dealings with counsel and the court, and to be courteous and respectful to the court;
7.     To be on time;
8.     To be prepared for all court appearances - to be familiar with all applicable court rules;
9.     To adhere to the time deadlines set by statute, rule, or order;
10.    To avoid visual displays of pique in response to rulings by the court;
11.    To discourage and decline to participate in litigation or tactics that are without merit or are designed primarily to harass or drain the financial resources of the opposing party;
12.    To avoid any communications with the judge concerning a pending case unless the opposing party or lawyer is present, or unless permitted by court rules or otherwise authorized by law;
13.    To refrain from impugning the integrity of the judicial system, its proceedings, or its members;
14.    To treat all court personnel with the utmost civility and professionalism;
15.    To remember that conflicts with opposing counsel are professional and not personal - vigorous advocacy is not inconsistent with professional courtesy;
16.    To refrain from derogatory statements or discriminatory conduct on the basis of race, religion, gender, sexual orientation or other personal characteristic;
17.    To treat adverse witnesses and litigants with fairness and due consideration;
18.    To conduct discovery proceedings as if a judicial officer were present;
19.    To meet and confer with opposing counsel in a genuine attempt to resolve procedural and discovery matters;
20.    To not use discovery to harass the opposition or for any other improper purpose.
21.    To not arbitrarily or unreasonably withhold consent to a just and reasonable request for cooperation or accommodation;
22.    To not attribute to an opponent a position not clearly taken by that opponent.
23.    To avoid unnecessary "confirming" letters and to be scrupulously accurate when making any written confirmation of conversations or events;
24.    To not propose any stipulation in the presence of the trier of fact unless previously agreed to by the opponent.
25.    To not interrupt the opponent's legal argument;
26.    To address opposing counsel, when in court, only through the court;
27.    To not seek sanctions against or disqualification of another lawyer to attain a tactical advantage or for any other improper purpose.
28.    To not schedule the service of papers to deliberately inconvenience opposing counsel.
29.    To refrain, except in extraordinary circumstances, from using the fax machine to demand immediate responses for opposing counsel.

# ADR INFORMATION PACKAGE

Included in this package:

- Cover Page

- Alternative Dispute Resolution Program Notice

- Local Form SUPCV 1012
  (Stipulation and Order to Attend Judicial Mediation or Private Arbitration)

## ATTENTION PLAINTIFFS/CROSS-COMPLAINANTS

**PLAINTIFFS SHALL SERVE A COPY OF THIS ADR
INFORMATION PACKAGE ON EACH DEFENDANT
ALONG WITH THE COMPLAINT. CROSS-COMPLAINANTS
SHALL SERVE A COPY OF THIS ADR INFORMATION
PACKAGE ON ANY NEW PARTIES TO THE ACTION
ALONG WITH THE CROSS-COMPLAINT
(CRC 3.221)**

---

SUPCV-1012 (Rev. 1/07)                                   Page 1 of 3
                                                             Local Rule 7.1.02

STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION

# ALTERNATIVE DISPUTE RESOLUTION PROGRAM NOTICE
# SANTA CRUZ SUPERIOR COURT
# LOCAL RULE 7.1.02(a)

TO:     ALL CIVIL LITIGANTS

RE:     JUDICIAL MEDIATION PROGRAM OF SANTA CRUZ OR OPTION FOR
        PRIVATE ARBITRATION

Alternate Dispute Resolution (ADR) is a process, other than formal litigation, in which a neutral person assists the parties in resolving their dispute. Santa Cruz County's ADR process is Judicial Mediation. If the parties agree to Mediation, it is the policy of this Court to assign appropriate cases to mediation without making a determination of the value of the case.

Appropriate cases will be assigned to Judicial Mediation from the Case Management Conference Calendar. The parties may stipulate to Mediation prior to the Case Management Conference by written stipulation on local form SUPCV 1012. Case Management Conference Statements and requests for continuances should be submitted at least ten days in advance of the hearing.

FOR MORE INFORMATION REGARDING SANTA CRUZ COUNTY'S MEDIATION PROGRAM, SEE LOCAL RULE 7.1 OR CONTACT THE CIVIL CALENDAR DEPARTMENT (SANTA CRUZ) AT (831) 454-2303 OR THE WATSONVILLE BRANCH AT (831) 763-8069.

You may also stipulate to use a private arbitration or mediation service with the same local form 1012. This local form is required to ensure that the case is tracked properly by Court staff.

SUPCV-1012 (Rev. 1/07)                                                    Page 2 of 3
                                                                   Local Rule 7.1.02
        STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
                      OR PRIVATE ARBITRATION

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS)*    TELEPHONE NO. | *For Court Use Only* |
|---|---|

ATTORNEY FOR *(NAME)*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**
Santa Cruz                     ☐  Watsonville Branch
701 Ocean Street, Room 110        1430 Freedom Boulevard
Santa Cruz, CA 95060              Watsonville, CA 95076

Plaintiff/Petitioner:

Defendant/Respondent:

| STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION OR PRIVATE ARBITRATION<br>Must be filed 10 days before Case Management Conference | CASE NO. |
|---|---|

FOR GOOD CAUSE as stated in the attached supporting declaration,
CASE MANAGEMENT CONFERENCE CURRENTLY SET FOR:  (DATE)_____
CHECK ONLY ONE BOX:

1. (   ) The parties stipulate to court ordered mediation.

2. (   ) The parties stipulate to private mediation or arbitration, to be arranged by the parties and completed within 120 days of the current CMC date stated above.  The parties agree that such process shall be a good faith attempt to resolve the case.

SIGNATURES OF COUNSEL:

_____    TYPE NAME: _____
DATE: _____    ATTORNEY FOR: _____
_____    TYPE NAME: _____
DATE: _____    ATTORNEY FOR: _____

☐ ADDITIONAL SIGNATURES IN ATTACHMENT "A"

**ORDER**

BASED ON THE STIPULATION OF THE PARTIES, THE SUPPORTING DECLARATION,
AND FINDING GOOD CAUSE, THE APPLICATION IS HEREBY GRANTED
☐ SET FOR JUDICIAL MEDIATION ON: _____ AT: _____ a.m./p.m.
☐ VACATE CMC CURRENTLY SET FOR: _____ AT: _____ a.m./p.m.

Date: _____    _____
                                 JUDGE OF THE SUPERIOR COURT

SUPCV-1012 (Rev. 1/07)                                          Page 3 of 3
                                                               Local Rule 7.1.02

**STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION**