1  NANCY O. DIX, Bar No. 129150
   nancy.dix@dlapiper.com
2  JENNIFER M. FELDMAN, Bar No. 216645
   jennifer.feldman@dlapiper.com
3  DLA PIPER US LLP
   401 B Street, Suite 1700
4  San Diego, CA  92101-4297
   Tel:  619.699.2700
5  Fax:  619.699.2701

6  Attorneys for Defendant,
   GEMOLOGICAL INSTITUTE OF AMERICA, a
7  California Non-Profit Corporation

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11 PARAIBA.COM, INC. and DAVID           CASE NO.  C 08-02215 PVT
   SHERMAN,
12                                       ANSWER OF DEFENDANT
              Plaintiffs,                GEMOLOGICAL INSTITUTE OF
13                                       AMERICA, INC. TO REMOVAL
         v.                              COMPLAINT
14
   AMERICAN GEM TRADE
15 ASSOCIATION, INC. (a corporation
   licensed under the Laws of New York) et
16 al.,

17            Defendants.

-1-

## ANSWER TO UNVERIFIED COMPLAINT

Defendant GEMOLOGICAL INSTITUTE OF AMERICAN, INC. ("GIA") responds to the unverified complaint ("Complaint") of plaintiffs PARAIBA.COM, INC. and DAVID SHERMAN (collectively, herein "Plaintiffs") as follows:

### FIRST CAUSE OF ACTION

(Intentional Interference for Prospective Business Advantage)

1. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies such allegations.

2. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies such allegations.

3. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first numbered paragraph 3 of the Complaint, and therefore denies such allegations.

3(ii). GIA admits the allegations of the second numbered paragraph 3 of the Complaint.

4. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies such allegations.

5. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore denies such allegations.

6. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore denies such allegations.

7. No response is required to paragraph 7 of the Complaint.

8. GIA denies the allegations of paragraph 8 of the Complaint.

/////

DLA PIPER US LLP
SAN DIEGO
WEST\21386847.1

ANSWER

9.  GIA is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 9 of the Complaint that David Sherman was the original developer of a mine in the Sao Jose de Batalha area of Brazil, and therefore denies such allegation. GIA admits the allegation of paragraph 9 of the Complaint that the gemstone being a cuprite elbaite with a particular chemical structure. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 9 of the Complaint that the stone obtained from this area had a unique glow or translucence which led them to have a significant value, and therefore denies such allegations.

10. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies such allegations.

11. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies such allegations.

12. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore denies such allegations.

13. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies such allegations.

14. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies such allegations.

15. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies such allegations.

/////
/////

16. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies such allegations.

17. GIA admits the allegation of paragraph 17 of the Complaint that the African stones have a different chemical composition than those of the Paraiba stones. GIA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, and therefore denies such allegations.

18. GIA denies the allegations of paragraph 18 of the Complaint.

19. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies such allegations.

20. GIA denies the allegations of paragraph 20 of the Complaint.

21. GIA denies the allegations of paragraph 21 of the Complaint.

22. GIA denies the allegations of paragraph 22 of the Complaint.

23. The allegations of paragraph 23 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations of paragraph 23 of the Complaint.

24. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 24 of the Complaint that the manufacturers and minders of the African stones sought and obtained from AGTA that the stones were Paraiba stones, and therefore denies such allegations. The allegation of paragraph 24 of the Complaint that the defendants engaged in a fraudulent business practice states a legal conclusion to which no response is required. Nonetheless, GIA denies the allegations of paragraph 24 of the Complaint.

25. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies such allegations.

26. GIA denies the allegations of paragraph 26 of the Complaint.

/////

27.   GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore denies such allegations.

28.   GIA denies the allegation of paragraph 28 of the Complaint that as a further proximate result of the conduct of Defendants, Plaintiffs have lost the value of the Paraiba name including all of their costs and efforts to establish the Paraiba name as a distinct and valuable commodity. GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 28 of the Complaint.

29.   The allegations of paragraph 29 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations of paragraph 29 of the Complaint.

30.   GIA denies the allegations of paragraph 30 of the Complaint.

## SECOND CAUSE OF ACTION

(Negligent Interference with Prospective Business Advantage)

32.   In response to paragraph 30 of the Complaint, GIA repeats and realleges its responses to paragraphs 1 through 30, inclusive, as though set forth in full herein.

33.   GIA denies the allegations of paragraph 33 of the Complaint.

34.   GIA denies the allegations of paragraph 34 of the Complaint.

35.   GIA denies the allegations of paragraph 35 of the Complaint.

36.   GIA denies the allegations of paragraph 36 of the Complaint.

37.   GIA admits the allegation of paragraph 37 of the Complaint that Defendant regularly advertises, but GIA denies the remaining allegations of paragraph 37 of the Complaint.

38.   The allegations of paragraph 38 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations of paragraph 38 of the Complaint.

39.   The allegations of paragraph 39 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations of paragraph 39 of the Complaint.

1    40.    The allegations of paragraph 40 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations contained in paragraph 40 of the Complaint.

### THIRD CAUSE OF ACTION

(Unfair Competition or Business Practice)

41.    In response to paragraph 41 of the Complaint, GIA repeats and realleges its responses to paragraphs 1 through 40, inclusive, as though set forth in full herein.

42.    The allegations of paragraph 42 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations of paragraph 42 of the Complaint.

43.    GIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, and therefore denies such allegations.

44.    The allegations of paragraph 44 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations contained in paragraph 44 of the Complaint.

45.    The allegations of paragraph 45 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations contained in paragraph 45 of the Complaint.

46.    The allegations of paragraph 46 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations contained in paragraph 46 of the Complaint.

47.    The allegations of paragraph 47 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations contained in paragraph 47 of the Complaint.

/////
/////
/////

DLA PIPER US LLP
SAN DIEGO
WEST\21386847.1                                                                        ANSWER

## FOURTH CAUSE OF ACTION

(RICO Violation by Mail Fraud and Wire Fraud)

48. In response to first numbered paragraph 48 of the Complaint, GIA repeats and realleges its responses to paragraphs 1 through 47, inclusive, as though set forth in full herein.

48 (ii). The allegations of the second numbered paragraph 48 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations contained in the second numbered paragraph 48 of the Complaint.

50. The allegations of paragraph 50 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations contained in paragraph 50 of the Complaint.

51. The allegations of paragraph 51 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations contained in paragraph 51 of the Complaint.

52. GIA denies the allegations contained in paragraph 52 of the Complaint.

53. The allegations of paragraph 53 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations contained in paragraph 53 of the Complaint.

54. The allegations of paragraph 54 of the Complaint state legal conclusions to which no response is required. Nonetheless, GIA denies the allegations contained in paragraph 54 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### FAILURE TO STATE A CAUSE OF ACTION

The Complaint fails to state facts sufficient to constitute a valid cause of action against GIA.

### UNCLEAN HANDS

GIA is informed and believes, and on that basis alleges, that by reason of Plaintiffs' conduct, Plaintiffs are barred under the doctrine of unclean hands from all forms of relief sought in the Complaint.

## FAILURE TO MITIGATE

GIA is informed and believes, and on that basis alleges, that Plaintiffs have failed, refused or neglected to mitigate or avoid the damages complained of in the Complaint and is therefore barred in whole or in part from recovering monetary damages from GIA.

## LACHES

Each and every cause of action in the Complaint is barred by the doctrine of laches.

## WAIVER

Each and every cause of action in the Complaint is barred by the doctrine of waiver.

## ESTOPPEL

Each and every cause of action in the Complaint is barred by the doctrine of estoppel.

## DAMAGES SPECULATIVE

Based on the Complaint the damages alleged are speculative and are therefore barred.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

GIA presently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses. GIA reserves the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

/////
/////
/////
/////
/////
/////
/////
//////////
/////
/////
/////

WEST\21386847.1

ANSWER

1  WHEREFORE, GIA prays that:

2     1. Plaintiffs take nothing by way of the Complaint;

3     2. GIA be awarded costs of suit;

4     3. GIA be awarded its attorneys' fees; and

5     4. For such other and further relief as the court deems just and proper.

6  Dated: May 8, 2008

7                             DLA PIPER US LLP

8

9                             By _____
                               NANCY O. DIX
10                              JENNIFER M. FELDMAN
                            COLIN P. PARENT

11                             Attorneys for Defendant
                           GEMOLOGICAL INSTITUTE OF AMERICA,
12                             a California Non-Profit Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

WEST\21386847.1

ANSWER

| | |
|---|---|
| 1 | NANCY O. DIX, Bar No. 129150 |
|   | nancy.dix@dlapiper.com |
| 2 | JENNIFER M. FELDMAN, Bar No. 216645 |
|   | jennifer.feldman@dlapiper.com |
| 3 | DLA PIPER US LLP |
|   | 401 B Street, Suite 1700 |
| 4 | San Diego, CA  92101-4297 |
|   | Tel:  619.699.2700 |
| 5 | Fax:  619.699.2701 |

6  Attorneys for Defendant,
   GEMOLOGICAL INSTITUTE OF AMERICA, a
7  California Non-Profit Corporation

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

| | |
|---|---|
| PARAIBA.COM, INC. and DAVID SHERMAN, | CASE NO.  C 08-02215 PVT |
| Plaintiffs, | **PROOF OF SERVICE** |
| v. | |
| AMERICAN GEM TRADE ASSOCIATION, INC. (a corporation licensed under the Laws of New York) et al., | |
| Defendants. | |

DLA PIPER US LLP
SAN DIEGO

WEST\21390192.1

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297. On May 8, 2008, I served the within documents:

**ANSWER OF DEFENDANT GEMOLOGICAL INSTITUTE OF AMERICA, INC. TO REMOVAL COMPLAINT**

☒ Via email through the United States District Court's Electronic Filing Notice system to those persons with email addresses listed below.

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California, delivery as noted below to the address(es) as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**VIA U.S. MAIL**

John P. Hannon, II
Attorney at Law
716 Capitola Avenue
Suite F
Capitola, CA 95010

*Attorneys for Plaintiff*
Paraiba.com, Inc.

**VIA COURT'S ECF SYSTEM**

Thomas Edward Shuck
Michael B. Mellema
Rhodah Van Der Schyff
Parker Milliken Clark O'hara & Samuelian
555 South Flower Street, 30th Floor
Los Angeles, CA 90071-2440
Ph: 213-683-6500
Fax: 213-6836669
Email: tshuck@pmcos.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

DLA Piper US LLP
SAN DIEGO

WEST\21390192.1

-2-

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

Executed on May 8, 2008, at San Diego, California.

_____
Debra Stitcher