1  Thomas E. Shuck SBN 116228
   Rhodah Van Der Schyff SBN 137218
2  Michael B. Mellema, SBN 247323
   PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
3  A Professional Corporation
   555 S. Flower St., 30th Floor
4  Los Angeles, California 90071-2440
   Telephone:    (213) 683-6500
5  Facsimile:     (213) 683-6669
   tshuck@pmcos.com
6
   Attorneys for Defendants AMERICAN GEM TRADE
7  ASSOCIATION, INC.; BETTY SUE KING; BARBARA
   LAWRENCE; ROBERT BENTLEY; BENJAMIN HACKMAN;
8  KAMBIZ SABOURI; SAM PODDAR; SUSHIL GOYAL; ERIC
   SCHWOTZER; BILL LARSON; JOHN BACHMAN; PETER
9  BAZAR; JOE ORLANDO; ERIC BRAUNWART; PHILIP
   ZAHM; PHILIP ZAHM & ASSOCIATES, INC.; SORAYA
10 CAYEN; ROBERT KANE; and SURINDER MITTAL

11                    **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13                        **(SAN JOSE DIVISION)**

14  PARAIBA.COM, INC. and DAVID              Case No.  5:08-cv-02215-PVT
    SHERMAN,
15                                           Magistrate Judge: Patricia V. Trumbull
               Plaintiffs,
16                                           **ANSWER AND AFFIRMATIVE**
         v.                                  **DEFENSES OF DEFENDANTS**
17                                           **AMERICAN GEM TRADE**
    AMERICAN GEM TRADE                        **ASSOCIATION, INC,; BETTY SUE**
18  ASSOCIATION, INC. (a corporation         **KING; BARBARA LAWRENCE;**
    licensed under the Laws of New York);    **ROBERT BENTLEY; BENJAMIN**
19  GEMOLOGICAL INSTITUTE OF                 **HACKMAN; KAMBIZ SABOURI;**
    AMERICA, INC. (a corporation licensed    **SAM PODDAR; SUSHIL GOYAL;**
20  under the laws of the State of California); **ERIC SCHWOTZER; BILL**
    BRAZIL IMPORTS, INC. (a corporation      **LARSON; JOHN BACHMAN;**
21  Licensed under the Laws of the State of  **PETER BAZAR; JOE ORLANDO;**
    California); LUIZ NOGUERIA;              **ERIC BRAUNWART; PHILIP**
22  BARBARA LAWRENCE; OMI NAGPAL;           **ZAHM; PHILIP ZAHM &**
    KAMBIZ SABOURI; BETTY SUE KING;         **ASSOCIATES, INC.; SORAYA**
23  SAM PODDER; JOHN BACHMAN;               **CAYEN; ROBERT KANE; and**
    PETER BAZAR; ROBERT BENTLEY;            **SURINDER MITTAL**
24  SORAYA CAYEN; SUSHIL GOYA;
    BENJAMIN HACKMAN; ROBERT
25  KANE; GLENN LEHRER; SURINDER
    MITTAL; JOE ORLANDO; ERIC
26  SCHWOTZER; ERIC BRAUNWART;
    WILLIAM LARSON; and Does 1 through
27  200, inclusive,
                   Defendants.
28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

**ANSWER TO UNVERIFIED COMPLAINT**

Defendants AMERICAN GEM TRADE ASSOCIATION, INC. BETTY SUE KING, BARBARA LAWRENCE, ROBERT BENTLEY, BENJAMIN HACKMAN, KAMBIZ SABOURI, SAM PODDAR, SUSHIL GOYAL, ERIC SCHWOTZER, BILL LARSON, JOHN BACHMAN, PETER BAZAR, JOE ORLANDO, ERIC BRAUNWART, PHILIP ZAHM & ASSOCIATES, INC., SORAYA CAYEN, ROBERT KANE, and SURINDER MITTAL (collectively, while expressly reserving all of their separate and distinct rights and defenses, the "AGTA Defendants") answer the unverified complaint ("Complaint") of plaintiffs PARAIBA.COM, INC. and DAVID SHERMAN (collectively "Plaintiffs") as follows:

**FIRST CLAIM FOR RELIEF**

(Intentional Interference for Prospective Business Advantage)

1.    The AGTA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore deny such allegations.

2.    The AGTA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore deny such allegations.

3.    The AGTA Defendants admit the allegations in the first sentence of Paragraph 3, of the Complaint, but deny all other allegations contained in Paragraph 3..

4.    The AGTA Defendants admit the allegations in the first two sentences of the second numbered Paragraph 3 of the Complaint, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of the second numbered Paragraph 3 of the Complaint and therefore deny such allegations.

5.    The AGTA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore deny such allegations.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 2 -

ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

1    6.    The AGTA Defendants are without knowledge or information sufficient to form a

2  belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore

3  deny such allegations.

4    7.    In answering Paragraph 6 of the complaint, AGTA Defendants admit that certain

5  of the individuals listed in the first sentence of Paragraph 6 of the Complaint are or were directors

6  of AGTA.  The AGTA Defendants deny the second sentence, and admit the third sentence of

7  Paragraph 6 of the Complaint.

8    8.    No response is required to Paragraph 7 of the Complaint.

9    9.    The AGTA Defendants deny the allegations of Paragraph 8 of the Complaint.

10    10.    The AGTA Defendants are without knowledge sufficient to form a belief as to the

11  truth of the allegations contained in the first and second sentences paragraph 9 of the Complaint

12  and therefore deny such allegations.  The AGTA Defendants admit the allegations of the third

13  sentence of Paragraph 9 of the Complaint only to the extent that paraíba-type varieties of elbaite

14  species of tourmaline, like all gemstones have a particular chemical structure which varies from

15  gem to gem, but deny that Plaintiff has properly identified that chemical structure in the third

16  sentence of paragraph 9 of the Complaint.

17    11.    Further answering Paragraph 9, the AGTA Defendants deny the assertion in the

18  fourth sentence of Paragraph 9 that "all stones obtained from the state of Paraíba (or from

19  anywhere else in the world) (have) had a unique glow or translucence which led them to have a

20  significant value," because anyone in the gem trade knows that each and every gemstone is

21  unique and must be judge based on its own individual characteristics.

22    12.    The AGTA Defendants are without knowledge or information sufficient to form a

23  belief as to the truth of the allegations contained in the first sentence of Paragraph 10 of the

24  Complaint, and therefore deny such allegations.

25    13.    Further answering Paragraph 10, the AGTA Defendants deny the allegations in the

26  second sentence thereof.  Copper and manganese bearing elbaite tourmalines, chemically similar

27  as a group to those originally found in the Paraíba state of Brazil, have also been found, in other

28  states in Brazil, (as Plaintiffs admit in Paragraph 13 of the Complaint), and in Mozambique and

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 3 -

1  Nigeria.  Led by international gem industry governing bodies, laboratories, and harmonization

2  groups, including the International Confederation of Jewelry, Silverware, Diamonds and Stones

3  ("CIBJO"), the Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual

4  Harmonization Committee ("LMHC"), the colored gemstone industry has almost universally

5  identified copper and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not

6  as a designation of origin, but merely to describe the location where they were first mined.

7  Thousands of these tourmaline gemstones originating in different parts of the world have been

8  sold with the "paraíba" designation by thousands of sellers, *including Plaintiffs as admitted in*

9  *Paragraph 13 of their Complaint*, for well over a decade.  Further answering Paragraph 10, The

10  AGTA Defendants deny the allegations in the last sentence thereof.

11       14.    In answering Paragraph 11 of the Complaint, Paraíba-type tourmalines, from all

12  over the world have enjoyed commercial success depending on color, size, clarity cut, and many

13  other factors, therefore deny such allegations.  With a tiny handful of exceptions, even the finest

14  examples are rarely sold for more than a few hundred dollars per carat.  Therefore, except as just

15  stated, The AGTA Defendants deny, generally and specifically each and every remaining

16  allegation in Paragraph 11.

17       15.    The AGTA Defendants are without knowledge or information sufficient to form a

18  belief as to the truth of the allegations contained in the first and second sentences of Paragraph 12

19  of the Complaint, and therefore deny such allegations. In answering the allegations in the third

20  sentence of Paragraph 12, the AGTA Defendants state that place of origin is but one factor

21  determining the value of a gemstone.

22       16.    In answering Paragraph 13, the AGTA Defendants admit as Plaintiffs admit in this

23  paragraph, that Plaintiffs found and extracted the <u>identical</u> copper and manganese bearing elbaite

24  tourmalines in the Brazilian state of Del Norte as they found and extracted in the Brazilian state

25  of Paraíba, yet Plaintiffs nevertheless sell these stones as "paraíba" tourmaline.  This is consistent

26  with long industry practice, as alleged above and elsewhere in this Answer, and this admission by

27  Plaintiffs exposes the sham nature of Plaintiffs' lawsuit.  The AGTA defendants deny the

28  remaining allegations of Paragraph 13 for want of knowledge or information sufficient to form a

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

327231 #51884.600

1    belief as to the truth of the allegations contained therein.

2       17.    The AGTA Defendants admit the gist of the allegations contained in Paragraph 14

3    of the Complaint, but deny that the description of the AGTA mission is complete.

4       18.    The AGTA Defendants are without knowledge or information sufficient to form a

5    belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore

6    deny such allegations.

7       19.    The AGTA Defendants are without knowledge or information sufficient to form a

8    belief as to the truth of the allegations in the first and second sentences of Paragraph 16 of the

9    Complaint. The AGTA Defendants admit the allegations in the third sentence of Paragraph 16.

10   Further answering the fourth and fifth sentences of Paragraph 16, the AGTA Defendants deny

11   such allegations because each and every gemstone, regardless of place of origin, is different from

12   every other gemstone, and can only be judged on the basis of a host of factors applied

13   individually to each gemstone.

14      20.    In answering Paragraph 17, the AGTA Defendants allege that paraíba-type elbaite

15   tourmalines sourced in Africa may or may not have different chemical composition than those

16   mined in the state of Paraíba, Brazil.  Each gemstone must be analyzed individually.  Similarly,

17   paraíba-type elbaite tourmalines sourced from mines located elsewhere than in the Paraíba state

18   of Brazil may or may not have luminescent qualities displayed by gemstones from the Paraíba

19   state of Brazil.

20      21.    The AGTA Defendants deny the allegations of Paragraph 18 of the Complaint, and

21   state that copper and manganese bearing elbaite tourmalines, chemically similar as a group to

22   those originally found in the Paraíba state of Brazil, have also been found, in other states in

23   Brazil, (as Plaintiffs admit in Paragraph 13 of the Complaint), and in Mozambique and Nigeria.

24   Led by international gem industry governing bodies, laboratories, and harmonization groups,

25   including the International Confederation of Jewelry, Silverware, Diamonds and Stones

26   ("CIBJO"), the Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual

27   Harmonization Committee ("LMHC"), the colored gemstone industry has almost universally

28   identified copper and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 5 -

1   as a designation of origin, but merely to describe the location where they were first mined.

2   Thousands of these tourmaline gemstones originating in different parts of the world have been

3   sold with the "paraíba" designation by thousands of sellers, *including Plaintiffs as admitted in*

4   *Paragraph 13 of their Complaint*, for well over a decade.

5           22.    The AGTA Defendants a deny the allegations of Paragraph 19 of the Complaint.

6   Copper and manganese bearing elbaite tourmalines, chemically similar as a group to those

7   originally found in the Paraíba state of Brazil, have also been found, in other states in Brazil, (as

8   Plaintiffs admit in Paragraph 13 of the Complaint), and in Mozambique and Nigeria.  Led by

9   international gem industry governing bodies, laboratories, and harmonization groups, including

10  the International Confederation of Jewelry, Silverware, Diamonds and Stones ("CIBJO"), the

11  Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual Harmonization

12  Committee ("LMHC"), the colored gemstone industry has almost universally identified copper

13  and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not as a designation of

14  origin, but merely to describe the location where they were first mined.  Thousands of these

15  tourmaline gemstones originating in different parts of the world have been sold with the "paraíba"

16  designation by thousands of sellers, *including Plaintiffs as admitted in Paragraph 13 of their*

17  *Complaint*, for well over a decade.

18          23.    The AGTA Defendants deny the allegations of Paragraph 20 of the Complaint, and

19  state that copper and manganese bearing elbaite tourmalines, chemically similar as a group to

20  those originally found in the Paraíba state of Brazil, have also been found, in other states in

21  Brazil, (as Plaintiffs admit in Paragraph 13 of the Complaint), and in Mozambique and Nigeria.

22  Led by international gem industry governing bodies, laboratories, and harmonization groups,

23  including the International Confederation of Jewelry, Silverware, Diamonds and Stones

24  ("CIBJO"), the Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual

25  Harmonization Committee ("LMHC"), the colored gemstone industry has almost universally

26  identified copper and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not

27  as a designation of origin, but merely to describe the location where they were first mined.

28  Thousands of these tourmaline gemstones originating in different parts of the world have been

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

327231 #51884.600

1  sold with the "paraíba" designation by thousands of sellers, *including Plaintiffs as admitted in*
2  *Paragraph 13 of their Complaint*, for well over a decade.

3        24.    The AGTA Defendants deny the allegations of Paragraph 21 of the Complaint.
4  Copper and manganese bearing elbaite tourmalines, chemically similar as a group to those
5  originally found in the Paraíba state of Brazil, have also been found, in other states in Brazil, (as
6  Plaintiffs admit in Paragraph 13 of the Complaint), and in Mozambique and Nigeria.  Led by
7  international gem industry governing bodies, laboratories, and harmonization groups, including
8  the International Confederation of Jewelry, Silverware, Diamonds and Stones ("CIBJO"), the
9  Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual Harmonization
10  Committee ("LMHC"), the colored gemstone industry has almost universally identified copper
11  and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not as a designation of
12  origin, but merely to describe the location where they were first mined.  Thousands of these
13  tourmaline gemstones originating in different parts of the world have been sold with the "paraíba"
14  designation by thousands of sellers, *including Plaintiffs as admitted in Paragraph 13 of their*
15  *Complaint*, for well over a decade.

16        25.    The AGTA Defendants deny the allegations of Paragraph 22 of the Complaint.
17  Copper and manganese bearing elbaite tourmalines, chemically similar as a group to those
18  originally found in the Paraíba state of Brazil, have also been found, in other states in Brazil, (as
19  Plaintiffs admit in Paragraph 13 of the Complaint), and in Mozambique and Nigeria.  Led by
20  international gem industry governing bodies, laboratories, and harmonization groups, including
21  the International Confederation of Jewelry, Silverware, Diamonds and Stones ("CIBJO"), the
22  Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual Harmonization
23  Committee ("LMHC"), the colored gemstone industry has almost universally identified copper
24  and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not as a designation of
25  origin, but merely to describe the location where they were first mined.  Thousands of these
26  tourmaline gemstones originating in different parts of the world have been sold with the "paraíba"
27  designation by thousands of sellers, *including Plaintiffs as admitted in Paragraph 13 of their*
28  *Complaint*, for well over a decade.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 7 -

26.   The allegations of Paragraph 23 of the Complaint state flawed and bad faith legal conclusions to which no response is required.  Nonetheless, The AGTA Defendants deny the allegations of Paragraph 23 of the Complaint, and state that copper and manganese bearing elbaite tourmalines, chemically similar as a group to those originally found in the Paraíba state of Brazil, have also been found, in other states in Brazil, (as Plaintiffs admit in paragraph 13 of the Complaint), and in Mozambique and Nigeria.  Led by international gem industry governing bodies, laboratories, and harmonization groups, including the International Confederation of Jewelry, Silverware, Diamonds and Stones ("CIBJO"), the Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual Harmonization Committee ("LMHC"), the colored gemstone industry has almost universally identified copper and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not as a designation of origin, but merely to describe the location where they were first mined.  Thousands of these tourmaline gemstones originating in different parts of the world have been sold with the "paraíba" designation by thousands of sellers, *including Plaintiffs as admitted in Paragraph 13 of their Complaint*, for well over a decade.

27.   The allegation of Paragraph 24 of the Complaint that the defendants engaged in a fraudulent business practice states a flawed and bad faith legal conclusion to which no response is required. The AGTA Defendants deny each and every remaining allegation of Paragraph 24 of the Complaint, and further state that copper and manganese bearing elbaite tourmalines, chemically similar as a group to those originally found in the Paraíba state of Brazil, have also been found, in other states in Brazil, (as Plaintiffs admit in Paragraph 13 of the Complaint), and in Mozambique and Nigeria.  Led by international gem industry governing bodies, laboratories, and harmonization groups, including the International Confederation of Jewelry, Silverware, Diamonds and Stones ("CIBJO"), the Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual Harmonization Committee ("LMHC"), the colored gemstone industry has almost universally identified copper and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not as a designation of origin, but merely to describe the location where they were first mined.  Thousands of these tourmaline gemstones originating in different parts of the world

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 8 -

ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

1  have been sold with the "paraíba" designation by thousands of sellers, *including Plaintiffs as*

2  *admitted in Paragraph 13 of their Complaint*, for well over a decade.  (Plus bluebook)

3      28.    The AGTA Defendants deny the allegations contained in Paragraph 25 of the

4  Complaint, and state that copper and manganese bearing elbaite tourmalines, chemically similar

5  as a group to those originally found in the Paraíba state of Brazil, have also been found, in other

6  states in Brazil, (as Plaintiffs admit in Paragraph 13 of the Complaint), and in Mozambique and

7  Nigeria.  Led by international gem industry governing bodies, laboratories, and harmonization

8  groups, including the International Confederation of Jewelry, Silverware, Diamonds and Stones

9  ("CIBJO"), the Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual

10  Harmonization Committee ("LMHC"), the colored gemstone industry has almost universally

11  identified copper and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not

12  as a designation of origin, but merely to describe the location where they were first mined.

13  Thousands of these tourmaline gemstones originating in different parts of the world have been

14  sold with the "paraíba" designation by thousands of sellers, *including Plaintiffs as admitted in*

15  *Paragraph 13 of their Complaint*, for well over a decade.

16      29.    The AGTA Defendants deny the allegations of Paragraph 26 of the Complaint, and

17  further state that copper and manganese bearing elbaite tourmalines, chemically similar as a

18  group to those originally found in the Paraíba state of Brazil, have also been found, in other states

19  in Brazil, (as Plaintiffs admit in Paragraph 13 of the Complaint), and in Mozambique and Nigeria.

20  Led by international gem industry governing bodies, laboratories, and harmonization groups,

21  including the International Confederation of Jewelry, Silverware, Diamonds and Stones

22  ("CIBJO"), the Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual

23  Harmonization Committee ("LMHC"), the colored gemstone industry has almost universally

24  identified copper and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not

25  as a designation of origin, but merely to describe the location where they were first mined.

26  Thousands of these tourmaline gemstones originating in different parts of the world have been

27  sold with the "paraíba" designation by thousands of sellers, *including Plaintiffs as admitted in*

28  *Paragraph 13 of their Complaint*, for well over a decade.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 9 -
ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

327231 #51884.600

30.    The AGTA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, except to say that any losses were due to simple market forces, such as supply and demand, and not to any unlawful actions of these answering defendants.  Further answering Paragraph 27. copper and manganese bearing elbaite tourmalines, chemically similar as a group to those originally found in the Paraíba state of Brazil, have also been found, in other states in Brazil, (as Plaintiffs admit in paragraph 13 of the Complaint), and in Mozambique and Nigeria.  Led by international gem industry governing bodies, laboratories, and harmonization groups, including the International Confederation of Jewelry, Silverware, Diamonds and Stones ("CIBJO"), the Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual Harmonization Committee ("LMHC"), the colored gemstone industry has almost universally identified copper and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not as a designation of origin, but merely to describe the location where they were first mined.  Thousands of these tourmaline gemstones originating in different parts of the world have been sold with the "paraíba" designation by thousands of sellers, *including Plaintiffs as admitted in Paragraph 13 of their Complaint*, for well over a decade.

31.    The AGTA Defendants deny the allegation of Paragraph 28 of the Complaint.  Any losses are due to simple market forces, such as supply and demand.  Further answering Paragraph 28, copper and manganese bearing elbaite tourmalines, chemically similar as a group to those originally found in the Paraíba state of Brazil, have also been found, in other states in Brazil, (as Plaintiffs admit in Paragraph 13 of the Complaint), and in Mozambique and Nigeria.  Led by international gem industry governing bodies, laboratories, and harmonization groups, including the International Confederation of Jewelry, Silverware, Diamonds and Stones ("CIBJO"), the Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual Harmonization Committee ("LMHC"), the colored gemstone industry has almost universally identified copper and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not as a designation of origin, but merely to describe the location where they were first mined.  Thousands of these tourmaline gemstones originating in different parts of the world have been

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 10 -
ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

1  sold with the "paraíba" designation by thousands of sellers, *including Plaintiffs as admitted in*

2  *Paragraph 13 of their Complaint*, for well over a decade.

3       32.    The allegations of Paragraph 29 of the Complaint state flawed and bad faith legal

4  conclusions to which no response is required.  Nonetheless, The AGTA Defendants deny the

5  allegations of Paragraph 29 of the Complaint.

6       33.    The AGTA Defendants deny the allegations of Paragraph 30 of the Complaint, and

7  further state copper and manganese bearing elbaite tourmalines, chemically similar as a group to

8  those originally found in the Paraíba state of Brazil, have also been found, in other states in

9  Brazil, (as Plaintiffs admit in Paragraph 13 of the Complaint), and in Mozambique and Nigeria.

10  Led by international gem industry governing bodies, laboratories, and harmonization groups,

11  including the International Confederation of Jewelry, Silverware, Diamonds and Stones

12  ("CIBJO"), the Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual

13  Harmonization Committee ("LMHC"), the colored gemstone industry has almost universally

14  identified copper and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not

15  as a designation of origin, but merely to describe the location where they were first mined.

16  Thousands of these tourmaline gemstones originating in different parts of the world have been

17  sold with the "paraíba" designation by thousands of sellers, *including Plaintiffs as admitted in*

18  *Paragraph 13 of their Complaint*, for well over a decade.

19       **SECOND CLAIM FOR RELIEF**

20  (Negligent Interference with Prospective Business Advantage)

21       32.    In response to Paragraph 32 of the Complaint, the AGTA Defendants repeat and

22  reallege their responses to Paragraph 1 through 30, inclusive, as though set forth in full herein.

23       33.    The AGTA Defendants deny the allegations of Paragraph 33 of the Complaint.

24       34.    The AGTA Defendants deny the allegations of Paragraph 34 of the Complaint.

25       35.    The AGTA Defendants deny the allegations of Paragraph 35 of the Complaint.

26  Further answering Paragraph 35, AGTA does not issue certificates of any kind and does not

27  report on the value of gemstones.  Furthermore, operating consistent with industry practice

28  outlined above and indeed possibly exceeding those standards, the AGTA's reports on copper and

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

327231 #51884.600

1   manganese bearing elbaite tourmalines clearly and expressly disclose the following whether or

2   not a statement of probable geographic origin is requested or possible:

3       "This copper – and manganese – bearing variety of elbaite is also called paraíba
        tourmaline in the trade.  The name paraíba is derived from the Brazilian locality where
4       this gemstone was first mined; however, today it may come from a number of
5       localities."

6       36.     The AGTA Defendants deny the allegations of Paragraph 36 of the Complaint.

7   Further answering Paragraph 36, The AGTA does not issue certificates for gemstones.

8       37.     The AGTA Defendants deny the allegations of Paragraph 37 of the Complaint.

9   Further answering paragraph 37, the AGTA does not issue certificates of any kind and does report

10  on the value of Gemstones and the AGTA Defendants deny the remaining allegations of

11  Paragraph 37 of the Complaint.  Furthermore, operating consistent with industry practice outlined

12  above and indeed possibly exceeding those standards, the AGTA's reports on copper and

13  manganese bearing elbaite tourmalines clearly and expressly disclose the following whether or

14  not a statement of probable geographic origin is requested or possible:

15      "This copper – and manganese – bearing variety of elbaite is also called paraíba
        tourmaline in the trade.  The name paraíba is derived from the Brazilian locality where
16      this gemstone was first mined; however, today it may come from a number of
17      localities."

18      38.     The allegations of Paragraph 38 of the Complaint state flawed and defective, bad

19  faith legal conclusions to which no response is required.  Nonetheless, The AGTA Defendants

20  deny the allegations of Paragraph 38 of the Complaint, particularly but not exclusively the false

21  allegation that the AGTA issues certificates.  Furthermore, operating consistent with industry

22  practice outlined above and indeed possibly exceeding those standards, the AGTA's reports on

23  copper and manganese bearing elbaite tourmalines clearly and expressly disclose the following

24  whether or not a statement of probable geographic origin is requested or possible:

25      "This copper – and manganese – bearing variety of elbaite is also called paraíba
        tourmaline in the trade.  The name paraíba is derived from the Brazilian locality where
26      this gemstone was first mined; however, today it may come from a number of
27      localities."

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 12 -
ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION
327231 #51884.600

39.     The allegations of Paragraph 39 of the Complaint state legal conclusions to which no response is required.  Nonetheless, The AGTA Defendants deny the allegations of Paragraph 39 of the Complaint, particularly but not exclusively that the AGTA issues certificates, which is false.  Furthermore, operating consistent with industry practice outlined above and indeed possibly exceeding those standards, the AGTA's reports on copper and manganese bearing elbaite tourmalines clearly and expressly disclose the following whether or not a statement of probable geographic origin is requested or possible:

> "This copper – and manganese – bearing variety of elbaite is also called paraíba tourmaline in the trade.  The name paraíba is derived from the Brazilian locality where this gemstone was first mined; however, today it may come from a number of localities."

40.     The allegations of Paragraph 40 of the Complaint state legal conclusions to which no response is required.  Nonetheless, The AGTA Defendants deny the allegations contained in paragraph 40 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition or Business Practice)

41.     In response to Paragraph 41 of the Complaint, the AGTA Defendants repeat and reallege their responses to Paragraph 1 through 40, inclusive, as though set forth in full herein.

42.     The allegations of Paragraph 42 of the Complaint state flawed, absurd, and bad faith legal conclusions to which no response is required.  Nonetheless, The AGTA Defendants deny the allegations contained in paragraph 42 of the Complaint (ADD).

43.     The AGTA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore deny such allegations.

44.     The allegations of Paragraph 44 of the Complaint state flawed, absurd, and bad faith legal conclusions to which no response is required.  Nonetheless, The AGTA Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     The AGTA Defendants deny the allegations of Paragraph 45 of the Complaint. Any damages suffered by Plaintiffs were due to ordinary market forces such as supply and

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 13 -
ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

327231 #51884.600

1    demand for which there is no legal wrong and therefore no remedy.

2    46.    The allegations of Paragraph 46 of the Complaint state flawed and absurd legal

3    conclusions and requests for relief which are neither warranted nor recoverable in this sham

4    lawsuit, and for which no response is required.  Nonetheless, The AGTA Defendants deny the

5    allegations contained in paragraph 46 of the Complaint.

6    47.    The allegations of Paragraph 47 of the Complaint state flawed and absurd legal

7    conclusions and requests for relief which are neither warranted or recovererable in this sham

8    lawsuit and to which no response is required.  Nonetheless, The AGTA Defendants deny the

9    allegations contained in Paragraph 47 of the Complaint.

10    **FOURTH CLAIM FOR RELIEF**

11    (RICO Violation by Mail Fraud and Wire Fraud)

12    48.    In response to first numbered Paragraph 48 of the Complaint, the AGTA

13    Defendants repeat and reallege their responses to Paragraphs 1 through 47, inclusive, as though

14    set forth in full herein.

15    48(ii).    The allegations of the second numbered Paragraph 48 of the Complaint state legal

16    flawed, absurd and bad faith legal conclusions to which no response is required.  Nonetheless,

17    The AGTA Defendants deny the allegations contained in the second numbered Paragraph 48 of

18    the Complaint.

19    50.    The allegations of Paragraph 50 (Sic) of the Complaint state flawed, absurd and

20    bad faith legal conclusions to which no response is required.  Nonetheless, The AGTA

21    Defendants deny the allegations contained in Paragraph 50 (Sic) of the Complaint.

22    51.    The allegations of Paragraph 51 of the Complaint state flawed, absurd, and bad

23    faith legal conclusions to which no response is required.  Nonetheless, The AGTA Defendants

24    deny the allegations contained in Paragraph 51 of the Complaint.

25    52.    The AGTA Defendants deny the allegations contained in Paragraph 52 of the

26    Complaint, and further state that copper and manganese bearing elbaite tourmalines, chemically

27    similar as a group to those originally found in the Paraíba state of Brazil, have also been found, in

28    other states in Brazil, (as Plaintiffs admit in Paragraph 13 of the Complaint), and in Mozambique

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

327231 #51884.600

and Nigeria. Led by international gem industry governing bodies, laboratories, and harmonization groups, including the International Confederation of Jewelry, Silverware, Diamonds and Stones ("CIBJO"), the Gemstone Industry Laboratory Conference ("GILC"), and the Laboratory Manual Harmonization Committee ("LMHC"), the colored gemstone industry has almost universally identified copper and manganese bearing elbaite tourmalines as "paraíba-type" tourmalines, not as a designation of origin, but merely to describe the location where they were first mined. Thousands of these tourmaline gemstones originating in different parts of the world have been sold with the "paraíba" designation by thousands of sellers, *including Plaintiffs as admitted in Paragraph 13 of their Complaint*, for well over a decade.

53. The allegations of Paragraph 53 of the Complaint state flawed, absurd and bad faith legal conclusions to which no response is required. Nonetheless, The AGTA Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. The allegations of Paragraph 54 of the Complaint state flawed, absurd, and bad faith legal conclusions to which no response is required. Nonetheless, The AGTA Defendants deny the allegations contained in Paragraph 54 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Relief)

1. As a first, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that the Complaint fails to state facts sufficient to constitute a single cognizable claim for relief under any recognized theory in law or any reasonable extension thereof, against the AGTA Defendants or any of them.

## SECOND AFFIRMATIVE DEFENSE

### (Violation Of Rule 11 Of The Federal Rules Of Civil Procedure)

2. As a second, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that Plaintiffs' counsel has certified a Complaint, which on its face is a bad faith sham. Plaintiffs and their counsel are therefore subject to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure in amounts sufficient to compensate all of the losses of the

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1    wrongfully sued AGTA Defendants.

2

3                        **THIRD AFFIRMATIVE DEFENSE**

4              **(Failure To Join Persons Needed For A Just Adjudication**

5                    **Federal Rules Of Civil Procedure, Rule 19(a))**

6              3.     As a third, separate and affirmative defense to all claims for relief, the AGTA

7    Defendants allege that the longstanding and nearly universally accepted paraíba nomenclature

8    was established by numerous national and international gem industry trade organizations,

9    laboratories, and committees formed thereon; and none of these persons have been joined in this

10   lawsuit.  Assuming only for the sake of argument that Plaintiffs stated a valid claim for relief for

11   use of the paraíba name to describe copper and manganese bearing elbaite tourmalines, all such

12   parties must be joined pursuant to the provisions of Federal Rules of Civil Procedure Rule 19(a).

13                       **FOURTH AFFIRMATIVE DEFENSE**

14                            **(No Predicate Act)**

15             4.     As a fourth, separate and affirmative defense to all claims for relief, the AGTA

16   Defendants allege that the Complaint fails to allege a single act of illegal conduct by the AGTA

17   Defendants or any of them.  Moreover, the Complaint utterly fails to state a claim under any

18   provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO") of 18 U.S.C. §

19   1961, et seq.

20                        **FIFTH AFFIRMATIVE DEFENSE**

21                        **(No Private Right Of Action)**

22             5.     As a fifth, separate and affirmative defense to all claims for relief, the AGTA

23   Defendants allege that no private right of action for damages exists under California Business and

24   Professions Code § 17200 *et seq.*

25                        **SIXTH AFFIRMATIVE DEFENSE**

26                          **(Statute of Limitations)**

27             6.     As a sixth, separate and affirmative defense to all claims for relief, the AGTA

28   Defendants allege that each of Plaintiffs' claims is barred by the applicable statutes of limitation.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 16 -
ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION
327231 #51884.600

## SEVENTH AFFIRMATIVE DEFENSE

### (No Basis for Injunctive Relief)

7.    As a seventh, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that Plaintiffs have not established irreparable injury that would entitle Plaintiffs to injunctive relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Competitors' Privilege)

8.    As an eight, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that the AGTA Defendants' competitive activities, including any and all marketing and advertising, were lawful and proper, and there has been no actionable interference in Plaintiffs' prospective economic advantage.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Interference)

9.    As a ninth, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that the AGTA Defendants have not committed any intentional acts designed to disrupt the economic relationships between Plaintiffs and third parties; nor have any acts by the AGTA Defendants been wrongful by some independent measure.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Deception)

10.    As a tenth, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that the AGTA Defendants' business practices have not deceived and were not likely to deceive anyone.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Context)

11.    As an eleventh, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that any and all advertising by the AGTA Defendants is not deceptive in light of the FTC rules.

## TWELFTH AFFIRMATIVE DEFENSE

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 17 -

ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

327231 #51884.600

**(Prior Substantiation)**

12.    As a twelfth, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that prior studies substantiate the claims and business practices of all the AGTA Defendants, including the use of what amount to naming conventions, which have been widely adopted and implemented throughout the gemological industry.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Unfair)

13.    As a thirteenth, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that the benefits of the AGTA Defendants' business practices and general industry agreement in what amount to naming conventions, clearly outweigh any individual detriment alleged to have been incurred by Plaintiffs herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

14.    As a fourteenth, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that as participants in the long term practice of using the paraíba nomenclature to describe copper and manganese bearing tourmalines from geographical areas other than the Paraíba state in Brazil, Plaintiffs are barred under the doctrine of unclean hands from all forms of relief sought in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

15.    As a fifteenth, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that any economic losses allegedly suffered by Plaintiffs due to a decrease in value of their alleged cache of paraíba-type tourmalines are due exclusively to market forces such as supply and demand, not any conduct by these answering defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Conduct)

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 18 -

ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

327231 #51884.600

16.     As an sixteenth, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that Plaintiffs' conduct prevent them from recovering on the allegations of the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

17.     As a seventeenth, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that Plaintiffs have failed to exercise reasonable efforts and/or expense to avoid the consequences for any and all damages which the AGTA Defendants allegedly caused or contributed to, if any, such that Plaintiffs may not be compensated for such damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (The AGTA Defendants Not Actual or Proximate Cause of Plaintiffs' Damages)

18.     As an eighteenth, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that they were neither the actual nor proximate cause of any of the damages, if any, alleged in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Comparative Fault)

19.     As an nineteenth, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that if Plaintiffs suffered or sustained any damage or injury, either as alleged in the Complaint or at all, the same was directly and proximately caused by the negligence, fraud, recklessness, carelessness, fault and/or unlawful conduct of Plaintiffs, and Plaintiffs' damages, if any, should be reduced in proportion to the amount of negligence and/or fault attributable to Plaintiffs.

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Duty)

20.     As a twentieth, separate and affirmative defense to all claims for relief, the AGTA Defendants allege that Plaintiffs are barred from any recovery or relief by virtue of the absence of any duty owing from the AGTA Defendants to Plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

327231 #51884.600

1

**(Justification)**

2   21.   As a twenty-first, separate and affirmative defense to all claims for relief, the

3   AGTA Defendants allege that all times alleged, the AGTA Defendants acted reasonably and in

4   good faith, and further, that their actions were justified in protecting their own legitimate business

5   interests.

6   ## TWENTY-SECOND AFFIRMATIVE DEFENSE

7   **(Unjust Enrichment)**

8   22.   As a twenty-second, separate and affirmative defense to all claims for relief, the

9   AGTA Defendants are informed and believe and based thereon allege that Plaintiffs would be

10   unjustly enriched if allowed to recover on the Complaint.

11   ## TWENTY-THIRD AFFIRMATIVE DEFENSE

12   **(Superior Equities)**

13   23.   As a twenty-third, separate and affirmative defense to all claims for relief, the

14   AGTA Defendants allege that the doctrine of superior equities precludes Plaintiffs' claims.

15   ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

16   **(Laches)**

17   24.   As a twenty-fourth, separate and affirmative defense to all claims for relief, the

18   AGTA Defendants allege that each and every claim for relief in the Complaint is barred by the

19   doctrine of laches.

20   ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

21   **(Waiver)**

22   25.   As a twenty-fifth, separate and affirmative defense to all claims for relief, the

23   AGTA Defendants allege that each and every claim for relief in the Complaint is barred by the

24   doctrine of waiver.

25   ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26   **(Estoppel)**

27   26.   As a twenty-sixth, separate and affirmative defense to all claims for relief, the

28   AGTA Defendants allege that each and every claim for relief in the Complaint is barred by the

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 20 -

1    doctrine of estoppel.

2    ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

3    **(Right To Assert Additional Defenses)**

4    27.    As a twenty-seventh, separate and affirmative defense to all claims for relief, the

5    AGTA Defendants allege that the AGTA Defendants presently have insufficient knowledge or

6    information upon which to form a belief whether they may have additional, yet unstated,

7    affirmative defenses.  The AGTA Defendants reserve the right to assert additional affirmative

8    defenses in the event discovery indicates that additional affirmative defenses are appropriate.

9

10    **WHEREFORE**, the AGTA Defendants pray that:

11    1.  Plaintiffs take nothing by way of the Complaint.

12    2.  The AGTA Defendants be awarded their costs of suit.

13    3.  The AGTA Defendants be awarded their attorneys' fees; and

14    4.  For such other and further relief as the Court deems just and proper.

15

16    DATED: May 16, 2008                    PARKER, MILLIKEN, CLARK, O'HARA &
                                             SAMUELIAN
17                                           A Professional Corporation

18

19                                           By:_____ /s/ Thomas E. Shuck_____
20                                                  THOMAS E. SHUCK

21                                           Attorneys for Defendants
                                             AMERICAN GEM TRADE ASSOCIATION,
22                                           INC.; BETTY SUE KING; BARBARA
                                             LAWRENCE; ROBERT BENTLEY;
23                                           BENJAMIN HACKMAN; KAMBIZ
                                             SABOURI; SAM PODDAR; SUSHIL
24                                           GOYAL; ERIC SCHWOTZER; BILL
                                             LARSON; JOHN BACHMAN; PETER
25                                           BAZAR; JOE ORLANDO; ERIC
                                             BRAUNWART; PHILIP ZAHM; RICHARD
26                                           KREMENTZ; OMI NAGPAL; SORAYA
                                             CAYEN; ROBERT KANE; SURINDER
27                                           MITTAL

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

28

- 21 -
ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

### PROOF OF SERVICE

<u>Paraíba.Com, Inc. v. American Gem Trade etc., et al.,</u>
<u>Case No. 5:08-cv-02215-PVT</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, 30th Floor, Los Angeles, California 90071.

On May 16, 2008, I served the foregoing document described as **ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION, INC. ET AL.** on all interested parties:

### SEE ATTACHED SERVICE LIST

☒ (BY MAIL) By placing a true copy in envelope(s) addressed as referenced on ATTACHED SERVICE LIST. The envelope(s) were then sealed and deposited for collection and mailing in accordance with my employer's normal procedures. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service, with all postage prepaid, at Los Angeles, California, on the same day in the ordinary course of business.

☐ (BY OVERNIGHT DELIVERY) By placing a true copy in envelope(s) addressed as listed on ATTACHED SERVICE LIST. The envelopes were then sealed and deposited for collection and delivery in accordance with my employer's normal procedures. I am readily familiar with the firm's practice for collection and processing correspondence for overnight delivery. Under that practice it would be placed in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents.

☐ (BY FACSIMILE) Pursuant to agreement of the parties in compliance with California Rules of Court, Rule 2008, by use of facsimile machine telephone number (213) 683-6669, I served a true and correct copy of the above-referenced document on all interested parties in this action by facsimile transmission to the facsimile number(s) listed in the ATTACHED SERVICE LIST prior to 5:00 p.m. The transmission was reported as complete and without error on a printed report issued by said facsimile machine upon completion of the transmission.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.
Executed on May 16, 2008 at Los Angeles, California.

_/s/ Marilyn D. Alvarado_

Marilyn D. Alvarado

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 22 -

ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

1

<u>Service List</u>

2

Paraiba.Com, Inc. v. American Gem Trade etc., et al.,
Case No.  5:08-cv-02215-PVT

3

4

John P. Hannon, II                          Attorney for Plaintiffs
716 Capitola Avenue                         Paraiba.com, Inc. and David Sherman
Suite F

5

Capitola, CA 95010

6

Nancy O. Dix                                Attorneys for Defendant
DLA Piper US LLP                            Gemological Institute of America, Inc.

7

401 B Street
Suite 1700

8

San Diego, CA 92101-4207

9

Jennifer Marie Feldman                      Attorneys for Defendant
DLA Piper US LLP                            Gemological Institute of America, Inc.

10

401 B Street
Suite 1700

11

San Diego, CA 92101-4207

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANTS AMERICAN GEM TRADE ASSOCIATION

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION