Thomas E. Shuck (SBN 116228)
PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
A Professional Corporation
555 S. Flower St., 30th Floor
Los Angeles, California 90071-2440
Telephone:    (213) 683-6500
Facsimile:    (213) 683-6669
tshuck@pmcos.com

Linda J. Lynch
SARRAIL LYNCH & HALL, LLP
700 Airport Blvd., Ste. 420
Burlingame, California 94010
Telephone:    (650) 685-9200
Facsimile:    (650) 685-9206
llynch@slhlawfirm.com

Attorneys for Defendants AMERICAN GEM TRADE
ASSOCIATION, INC.; BETTY SUE KING; BARBARA
LAWRENCE; ROBERT BENTLEY; BENJAMIN HACKMAN;
KAMBIZ SABOURI; SAM PODDAR; SUSHIL GOYAL; ERIC
SCHWOTZER; BILL LARSON; JOHN BACHMAN; PETER
BAZAR; JOE ORLANDO; ERIC BRAUNWART; PHILIP
ZAHM; PHILIP ZAHM & ASSOCIATES, INC.; SORAYA
CAYEN; ROBERT KANE; and SURINDER MITTAL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN JOSE DIVISION)

| | |
|---|---|
| PARAIBA.COM, INC. and DAVID SHERMAN,<br><br>           Plaintiffs,<br><br>    v.<br><br>AMERICAN GEM TRADE ASSOCIATION, INC. (a corporation licensed under the Laws of New York); et al.<br>           <u>Defendants.</u> | Case No. 5:08-cv-02215-PVT<br><br>Magistrate Judge: Patricia V. Trumbull<br><br>JOINT CASE MANAGEMENT STATEMENT ON BEHALF OF DEFENDANTS THE AMERICAN GEM TRADE ASSOCIATION AND ITS DIRECTORS, AND THE GEMOLOGICAL INSTITUTE OF AMERICA, INC. PURSUANT TO CIVIL LOCAL RULE 16-9<br><br>Date:  08/19/08<br>Time: 2:00 pm.<br>Place: Ctrm. 5 |

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

28

Defendants American Gem Trade Association, Inc. ("AGTA") and 17 of its directors and the Gemological Institute of America, Inc. ("GIA") (sometimes herein collectively called "Defendants") hereby submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9.

**1.    Jurisdiction and Service**

This case was originally filed by Plaintiffs in the Superior Court of the County of Santa Cruz, California on April 7, 2008. The case was removed to the United States District Court for the Northern District of California, San Jose Division pursuant to 28 U.S.C. §1441 and §1331 because the action is subject to federal question jurisdiction. The allegations of the complaint include a civil cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to 18 U.S.C. §1961. This court has original subject-matter jurisdiction under the provisions of 28 U.S.C. §1331 because it is a civil action arising under the laws of the United States.

There are currently no issues regarding personal jurisdiction or venue. However, Plaintiffs have named, but not served, at least three of Defendant AGTA's directors or former directors. The AGTA has twice demanded in detailed formal correspondence that Plaintiffs dismiss this lawsuit, and it appears that Plaintiffs may now be willing to dismiss some of the AGTA directors. Whether or not any parties remain to be served will depend on which AGTA directors, if any, Plaintiffs decide to dismiss.

**2.    Facts**

The AGTA and its directors contend that this case is utterly devoid of merit. The AGTA and its directors further contend that in fact it is breathtakingly so. In about 1987, a new colored tourmaline gemstone was discovered in the state of Paraiba in northern Brazil. It was distinguished by a high copper content, which in fine specimens rendered the material a neon "Windex" blue color. Others were bluish green or greenish blue. Technically it was called "cuprian elbaite" tourmaline. There was great excitement. Discoveries continued in other states in Brazil. In the early 1990s gemstones chemically

/////

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

JOINT CASE MANAGEMENT STATEMENT ON BEHALF OF DEFENDANTS

1  close and in some cases indistinguishable to anyone but trained gemologists in the best

2  gemological laboratories, were discovered in Mozambique and Nigeria.

3      The entire gem world quickly began to refer to tourmalines of this general color as

4  "parabia" color or type for both the finest and less desirable gemstones.

5      The gem industry is highly scientific.  It is self-regulated by several international

6  associations of laboratories and trade groups which meet one or more times a year to work

7  on conventions and name harmonizations and provide guidance on gems and gemology.

8  None of these bodies possess any effective enforcement authority. They are largely

9  advisory.  However most in the gemstone industry know and understand that that their

10  success is linked to collective integrity and continuing public confidence.

11      As far back as 1992, one of the largest international gemstone governing bodies,

12  CIBJO, issued a policy/guidance recommendation that copper-bearing tourmaline could

13  be described as paraiba type or color even if it did not originate from the Paraiba state of

14  Brazil.  Disclosure of origin was encouraged and expected. This is essentially the

15  minimum standard that remains today.

16      About two years ago, the U.S. Patent and Trademark Office registered the mark

17  "Paraiba Ice" to describe synthetic gemstones of this color.  The registration was not

18  issued to Mr. Sherman.  The AGTA and its directors contend that under trademark law,

19  the USPTO would not issue such a mark unless the geographic name had attained a

20  secondary non-geographic meaning.

21      Today, a bewildering array of gemstone materials of all stripes and origins are sold

22  by wholesalers and retailers all over the world using some variant of the paraiba name.

23  Through all of this, the finest cuprian elbaite material from the Paraiba state of Brazil still

24  commands ever *increasing* prices, in spite of (or perhaps because of) the widespread and

25  often indiscriminate use of the paraiba name in the gem world at large.  Like all

26  gemstones, cuprian elbaite gemstones sell from a few dollars a carat to thousands or tens

27  of thousands per carat depending on individual merit.  The fact that a particular stone was

28  mined in the Paraiba state of Brazil can be, but is not necessarily a factor.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1    As with other gems in the past such as "Tanzanite" or "Tahitian pearls," whose

2    names the industry and public lured away from their geographic roots, self-styled purists

3    decried the alleged dilution of the "paraiba" name. So did the AGTA. And it did

4    something about it.

5    Over a decade ago, the AGTA (which does not sell gems, but only represents

6    members who do) led the industry in taking a *more* restrictive approach to use of the

7    paraiba name its reports. Even though it is not unlawful or even improper to do so, and

8    the CIBJO and very recent standardizations allow it, the AGTA does not issue individual

9    gem reports using paraiba as a variety of tourmaline. Instead, the AGTA categorizes

10   tourmaline variety by color. The word "Paraiba" only appears in the comments section

11   with the explanation that the word "paraiba" is derived from the location in Brazil where

12   the material was first discovered (and obviously a necessary discussion given the ubiquity

13   of the paraiba name.) The GIA follows essentially the same format.

14   Against this interesting but innocuous background, enter Mr. Sherman and consider

15   his wild allegations. He complains Defendants "passed off" African stones as Brazilian

16   stones to "depress the price for the true Brazilian stones." But Defendants AGTA and

17   GIA do not even sell gemstones. Not a single one of the 18 or so AGTA director

18   defendants Mr. Sherman has randomly sued ever sold a single gemstone of *any* kind to

19   Sherman, and only a handful ever sold cuprian elbaite tourmalines at all. Those AGTA

20   director defendants that did sell cuprian elbaite tourmalines sold them with full disclosure

21   of variety and origin. After all, they served as non-paid volunteers on the AGTA board at

22   various times over the last decade when the restrictive, full disclosure reports described

23   above were developed for these gems. Sherman has been given examples of reports in

24   correspondence demanding dismissal and these reports are on the Defendants' websites,

25   and have been for years.

26   Sherman enlists the "usual suspect" claims for relief to ferry his non-existent

27   claims: intentional interference with prospective economic advantage, negligence

28   interference with prospective economic advantage, unfair competition or business practice

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 4 -

JOINT CASE MANAGEMENT STATEMENT ON BEHALF OF DEFENDANTS

1 and RICO violations by mail fraud or wire fraud, conspiracy. Sherman says he "lost the

2 value of his reserved stock of Brazilian stones," and "lost the value of the 'paraiba' name

3 and his efforts to establish the Paraiba name as a distinct and valuable commodity."[1]

4    No matter how long Sherman attempts to drag this case on before this court, the

5 dispositive responses will always be the same: (1) Use of the paraiba name, is not in itself

6 illegal; it all depends on disclosure in the individual transaction; (2) Sherman has no

7 proprietary rights in the paraiba name, so he has no standing to be a "paraiba policeman"

8 even if there was a "paraiba law" to police; (3) The entity defendants and the AGTA

9 directors have led the industry with the most restrictive treatment possible of the name in

10 their reports, even though industry standardizations actually allows for use of the name

11 "paraiba" to describe these gems as a tourmaline variety regardless of a stone's origin as

12 long as there is disclosure; (4) None of the defendants ever dealt with Sherman, so he

13 could not connect them up to any alleged damages even if there was a wrong to right; and

14 (5) Sherman has no damages in any case because any material he has is judged by the

15 market on its own intrinsic value irrespective of the name attached to it.

16    The AGTA contends that for all of the foregoing reasons, this lawsuit is not

17 tenable.

18 **3.   Legal Issues**

19    The AGTA contends that the main dispute of law is whether any laws were broken.

20 Clearly they were not.   The GIA believes that parties are unable at this early stage of the

21 litigation to identify the disputed points of law.

22 /////

23 /////

24 /////

25 /////

26

---

27 [1] There is fascinating hypocrisy in this claim. Sherman admits in paragraph 13 of his complaint that he himself sells
cuprian tourmaline as "paraiba state but rather from another Brazilian state, Rio Grande do Norte, and it appears he
28 does not disclose this fact to his customers

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

JOINT CASE MANAGEMENT STATEMENT ON BEHALF OF DEFENDANTS

4. **Motions**

There are currently no pending motions. The parties have agreed to participate in an Early Neutral Evaluation ("ENE") with an intellectual property/trademark practitioner designated by the Court. If Sherman does not dismiss the complaint in its entirely, and the ENE process does not convince him to do so, the AGTA and any remaining directors will anticipate filing summary judgment motions.

5. **Amendment of Pleadings**

The Defendants do not anticipate amending the pleadings.

6. **Preservation of Evidence**

Defendant GIA has taken the necessary steps to preserve evidence relevant to the issues reasonably evidenced in this action. GIA issued a litigation hold memorandum to employees likely to have discoverable information upon receiving a copy of the complaint. That memorandum includes directives to retain any relevant documents and/or electronically stored information, and to suspend all document destruction policies. The AGTA will take similar steps promptly.

7. **Disclosures**

The parties have agreed to exchange initial disclosures pursuant to Fed. R. Civ. P. 26 by August 27, 2008. This is an extended date to allow for anticipated dismissals.

8. **Discovery**

To date, the following discovery has taken place:

On July 3, 2008, Plaintiffs propounded interrogatories on the following AGTA directors: Surinder Mittal, Robert Kane, Soraya Cayen, Philip Zahm & Associates, Inc., Philip Zahm, Eric Braunwart, Joe Orlando, Pete Bazar, John Bachman, Sushil Goyal, Eric Schwotzer, Bill Larson, Sam Poddar, Kambiz Sabouri, Benjamin Hackman, Robert Bentley, Barbara Lawrence, and Betty Sue King. These were carefully and timely answered, supplying Sherman with the information in the Facts section above, under penalty of perjury.

/////

PARKER MILLIKEN
CLARK O'HARA &
SAMJUELIAN, A
PROFESSIONAL
CORPORATION

JOINT CASE MANAGEMENT STATEMENT ON BEHALF OF DEFENDANTS

1    On July 15, 2008, the AGTA Defendants propounded first requests for production

2    of documents and tangible things on Plaintiffs.  The requests include demands to inspect

3    and assess Sherman's alleged cache of gems.

4    Defendant GIA has not been served with any discovery requests and has not

5    propounded any discovery requests to date.

6    The parties have agreed to proceed until the time of the ENE with limited

7    discovery as already commenced and only as needed.  Following the ENE, the parties will

8    reassess the need for additional discovery and prepare a further discovery plan as needed.

9    **9.    Class Actions**

10    This case is not a class action.

11    **10.    Related Cases**

12    The parties are not aware of any related cases or proceedings pending before

13    another judge of this court, or before another court or administrative body.

14    **11.    Relief**

15    Plaintiff seeks the following relief:

16    (a) general and special damages in an amount of $20,000,000.00;

17    (b) punitive damages in an amount of $100,000,000.00, or in the alternative, that

18    the actual damages suffered be trebled pursuant to statute;

19    (c) an injunctive order to prevent the continued conduct of Defendants;

20    (d) attorney fees;

21    (e) costs of suit;

22    (f) such other and further relief as the court may deem just.

23    **12.    Settlement and ADR**

24    The parties have agreed to participate in an ENE and have submitted an ADR

25    Stipulation and Proposed Order to the court indicating this ADR process selection.

26    /////

27    /////

28    /////

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

JOINT CASE MANAGEMENT STATEMENT ON BEHALF OF DEFENDANTS

13.    **Consent to Magistrate Judge for All Purposes**

Defendant GIA is not willing to consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment in this matter.

14.    **Other References**

At this time, the parties have not determined whether this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    **Narrowing of Issues**

The AGTA and its directors contend that the issues have been narrowed per the above. If further narrowing is needed it will come by way of summary judgment motions. The GIA believes the parties are unstable at this early stage of litigation to identify issues that can be narrowed by agreement or motion.

16.    **Expedited Schedule**

The parties are unable at this early stage of litigation to determine whether this case can be handled on an expedited basis with streamlined procedures.

17.    **Scheduling**

The parties have agreed to postpone discussion of scheduling until after the conclusion of the ENE.

18.    **Trial**

The parties are unable at this early stage of litigation to estimate the expected length of a trial in this matter.

/////
/////
/////
/////
/////
/////
/////

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 8 -

**19.    Disclosure of Non-party Interested Entities or Persons**

Each party will file a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16.

DATED: August 12, 2008

PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
A Professional Corporation


By: _____
                THOMAS E. SHUCK

Attorneys for Defendants
AMERICAN GEM TRADE ASSOCIATION, INC.; BETTY SUE KING; BARBARA LAWRENCE; ROBERT BENTLEY; BENJAMIN HACKMAN; KAMBIZ SABOURI; SAM PODDAR; SUSHIL GOYAL; ERIC SCHWOTZER; BILL LARSON; JOHN BACHMAN; PETER BAZAR; JOE ORLANDO; ERIC BRAUNWART; PHILIP ZAHM; RICHARD KREMENTZ; SORAYA CAYEN; ROBERT KANE; SURINDER MITTAL

[SIGNATURES CONTINUED ON NEXT PAGE]

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 9 -
JOINT CASE MANAGEMENT STATEMENT ON BEHALF OF DEFENDANTS

1    DATED:  August 12, 2008          SARRAIL, LYNCH & HALL, LLP

2

3                                     By:

4                                        LINDA J. LYNCH

5                                     Co-Attorneys for Defendants
                                      AMERICAN GEM TRADE
6                                     ASSOCIATION, INC.; BETTY SUE
                                      KING; BARBARA LAWRENCE;
7                                     ROBERT BENTLEY; BENJAMIN
                                      HACKMAN; KAMBIZ SABOURI; SAM
8                                     PODDAR; SUSHIL GOYAL; ERIC
                                      SCHWOTZER; BILL LARSON; JOHN
9                                     BACHMAN; PETER BAZAR; JOE
                                      ORLANDO; ERIC BRAUNWART;
10                                    PHILIP ZAHM; RICHARD KREMENTZ;
                                      SORAYA CAYEN; ROBERT KANE;
11                                    SURINDER MITTAL

12

13   DATED:  August 12, 2008          DLA PIPER US LLP

14

15                                    By:

16                                        NANCY O. DIX
                                          JENNIFER MARIE FELDMAN
17
                                      Attorneys for Defendant
18                                    GEMOLOGICAL INSTITUTE OF
                                      AMERICA, INC.
19

20

21

22

23

24

25

26

27

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1   DATED: August 12, 2008                SARRAIL, LYNCH & HALL, LLP

2

3                                         By:_____
4                                               LINDA J. LYNCH

5                                         Co-Attorneys for Defendants
                                          AMERICAN GEM TRADE
6                                         ASSOCIATION, INC.; BETTY SUE
                                          KING; BARBARA LAWRENCE;
7                                         ROBERT BENTLEY; BENJAMIN
                                          HACKMAN; KAMBIZ SABOURI; SAM
8                                         PODDAR; SUSHIL GOYAL; ERIC
                                          SCHWOTZER; BILL LARSON; JOHN
9                                         BACHMAN; PETER BAZAR; JOE
                                          ORLANDO; ERIC BRAUNWART;
10                                        PHILIP ZAHM; RICHARD KREMENTZ;
                                          SORAYA CAYEN; ROBERT KANE;
11                                        SURINDER MITTAL

12

13  DATED: August 12, 2008                DLA PIPER US LLP

14

15                                        By:_____
16                                        NANCY O. DIX
                                          JENNIFER MARIE FELDMAN
17
                                          Attorneys for Defendant
18                                        GEMOLOGICAL INSTITUTE OF
                                          AMERICA, INC.
19

20

21

22

23

24

25

26

27

PARKER MILLIKEN
CLARK O'HARA &      28
SAMUELIAN, A
PROFESSIONAL
CORPORATION

_____
                    JOINT CASE MANAGEMENT STATEMENT ON BEHALF OF DEFENDANTS
332153   (#51884-600)

**PROOF OF SERVICE**

<u>Paraíba.Com, Inc. v. American Gem Trade etc., et al.,</u>
Case No. 5:08-cv-02215-PVT

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, 30th Floor, Los Angeles, California 90071.

On August 12, 2008, I served the foregoing document described as **JOINT CASE MANAGEMENT STATEMENT ON BEHALF OF DEFENDANTS THE AMERICAN GEM TRADE ASSOCIATION AND ITS DIRECTORS, AND THE GEMOLOGICAL INSTITUTE OF AMERICA, INC. PURSUANT TO CIVIL LOCAL RULE 16-9** on all interested parties:

**SEE ATTACHED SERVICE LIST**

☒ (BY MAIL) By placing a true copy in envelope(s) addressed as referenced on ATTACHED SERVICE LIST. The envelope(s) were then sealed and deposited for collection and mailing in accordance with my employer's normal procedures. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service, with all postage prepaid, at Los Angeles, California, on the same day in the ordinary course of business.

☐ (BY OVERNIGHT DELIVERY) By placing a true copy in envelope(s) addressed as listed on ATTACHED SERVICE LIST. The envelopes were then sealed and deposited for collection and delivery in accordance with my employer's normal procedures. I am readily familiar with the firm's practice for collection and processing correspondence for overnight delivery. Under that practice it would be placed in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 12, 2008 at Los Angeles, California.

_____
Marilyn D. Alvarado

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1

2
<u>Service List</u>

3
Paraiba.Com, Inc. v. American Gem Trade etc., et al.,
Case No. 5:08-cv-02215-PVT

4

5
John P. Hannon, II                      Attorney for Plaintiffs
716 Capitola Avenue                     Paraiba.com, Inc. and David Sherman
Suite F

6
Capitola, CA 95010

7
Nancy O. Dix                            Attorneys for Defendant
Jennifer Marie Feldman                  Gemological Institute of America, Inc.

8
DLA Piper US LLP
401 B Street

9
Suite 1700
San Diego, CA 92101-4207

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

PROOF OF SERVICE