**JOHN P. HANNON II**
SB No: 111692
716 Capitola Avenue, Ste. F
Capitola, Ca 95010
PH: (831) 476-8005
FAX: (831) 476-8984

Attorney for Plaintiff:
PARAIBA.COM, INC. and
DAVID SHERMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PARAIBA.COM, INC. (a corporation licensed under the Laws of the State of Nevada); DAVID SHERMAN, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN GEM TRADE ASSOCIATION, INC. (a corporation licensed under the Laws of New York); et al., <br><br> Defendants. | NO: 5:08-cv-02215-PVT <br><br> **PLAINTIFFS CASE MANAGEMENT STATEMENT** <br><br><br><br><br><br><br><br> Date: 8/19/08 <br> Time: 2:00 p.m. <br> Dept: 5 |

    Plaintiffs, Paraiba.com, Inc. and David Sherman, hereby submit the following case management conference statement.

//

1

## 1. Jurisdiction and Service.

The present matter was originally filed in the Santa Cruz Superior Court for the State of California. The matter was partly removed to federal court. The removal petition only listed the named individuals in the original caption of the complaint. Removing Defendants failed to include the Doe defendants who had been amended into the complaint. This matter has been brought to the attention of removing Defendant, American Gem Trade Association, Inc., by both counsel for Plaintiffs as well as by the Clerk of this Court to correct the removal petition. No action has been forthcoming by Defendant and the matter remains in limbo pending action by Defense counsel to correct his mistake.

## 2. Factual Background.

The present matter is nothing more than a consumer fraud being perpetrated by various defendants. The fraud is the marketing of stones as "Paraiba" tourmaline when in fact they are neither from Paraiba, Brazil, nor chemically the same as the stones that have historically borne the name of Paraiba tourmaline.

Plaintiffs purchased a played out mine in Paraiba Brazil. After purchase of this mine and the expenditure of millions of dollars they discovered a particular type of tourmaline referred to as a cupric elbaite. The cupric denotation refers to the existence of a significant copper content in the tourmaline. This copper content, after heat treating, resulted in the copper having a "neon" or "windex" quality of color.

Plaintiffs began marketing the Paraiba tourmalines. Quickly, the carat price for these stones reached astronomical levels due to their scarcity as well as their unusual

color. Investment quality stones were being sold at prices ranging up to $28,000.00 per carat. Such prices were unheard of for a colored gemstone.

In the mid-1990s, tourmaline was found in Mozambique and Nigeria that was an cupric elbaite. Unlike the stones from Paraiba, Brazil, the copper content of these stones was less than 1 percent copper ranging down to almost trace amounts of copper. In contrast the Paraiba stones had 3 percent copper content.

The African stones began to be marketed to the public as Paraiba gemstones. In the marketing of these stones, individuals did not disclose the inferior copper content, the place of origin, or the fact that the stones were not of the same quality as those from Paraiba, Brazil. In marketing these inferior stones, pictures of actual Paraiba stones mined and cut by Plaintiffs were used in advertising to con consumers into believing the stones that they were buying were the high quality, rate stones that Plaintiff had been marketing.

An uproar began in the gemstone community. Many dealers refused to buy or sell stones being marketed as Paraiba tourmaline that were from Africa because they believed that they were engaged in a fraud on the public.

Dealers in the African stones began to become concerned that their continued activities to sell inferior stones would be brought to a halt. These dealers contacted the American Gem Trade Association regarding obtaining gem certifications that would allow them to continue to pass off inferior stones.

Initially, AGTA refused to be used by the gem dealers and refused to allow the African stones to be denoted as Paraiba tourmaline. Not daunted, the management of AGTA simply had their laboratory denote that any green tourmaline could be called a

3

Paraiba tourmaline. When this attempt at fraud was discovered, the management of AGTA decided that any tourmaline that contains copper could be denoted as a Paraiba tourmaline. After the management made this decision, the board of directors ratified this conduct by failing to continue their opposition to this fraud and in confirming the actions of the management of AGTA.

At the present time, cupric tourmaline of all qualities is being sold as Paraiba tourmaline. Disclosures, if any, frequently do not disclose to the consumer that the stones are not from Paraiba, are of inferior quality and are not of the same chemical composition as the real stones. Lately, common tourmaline has been coated with copper and sold as Paraiba tourmaline. Under the guidelines set forth by AGTA such conduct is acceptable.

### 3. Legal Issues.

The present matter is a simple consumer fraud case. Defendants have engaged in actions intended to defraud the public by passing off inferior goods as being of the same quality as those of higher value. The effect of this conduct is to sell to unwary consumers goods that are of little or no value. The matter is brought under California law related to false advertising as well as illegal business practices.

### 4. Motion.

A motion to amend the complaint will be brought in the near future. The complaint needs to be amended to reflect that failure of defendants to properly remove the present action as well as to add Doe defendants.

### 5. Amendments.

As noted above, the complaint will need minor amendments.

### 6. Preservation of Evidence

Plaintiffs have been instructed to gather all relevant evidence, including the names, addresses and contact information for all witnesses. Further, Plaintiffs have been instructed to preserve all evidence.

### 7. Disclosures.

Initial disclosures will be provided by August 27, 2008, by stipulation of the parties.

### 8. Discovery.

Discovery has just commenced. Plaintiffs have sent out an initial interrogatory packet. The responses to these interrogatories has just been received, but no opportunity to review these responses has been available as of yet. Defendant AGTA has sent out initial discovery by way of a request for production. Plaintiffs are attempting to comply to this discovery in a timely manner.

The parties have agreed to limit discovery until the ENE.

### 9. Class Action.

The present matter is not a class action matter.

### 10. Related Cases.

None.

### 11. Relief

Plaintiffs seek relief for loss of the value of their stock of Paraiba stones, for recovery of unjust profits and for injunctive and other relief.

//

//

**12. Settlement and ADR**

The parties have agreed to participate in an ENE. The court is asked to facilitate this process.

**13. Consent to Magistrate for All Purposes.**

Plaintiffs consent to a magistrate for all purposes, including trial, in the present matter.

**14. Other References**

At this early stage of the proceeding it is impossible to determine if reference to biding arbitration, or other proceedings is necessary.

**15. Narrowing of Issues.**

The present matter is at the early stages. It is likely that additional information will be received that will effect the present litigation.

**16. Expedited Schedule.**

The matter is not likely to be amenable for an expedited schedule, The issues are complex and significant expert witness testimony is anticipated.

**17. Scheduling.**

The parties agree that scheduling should be dealt with after the ENE.

**18. Trial**

The present matter will not be ready for trial for some time.

**19. Disclosure of Non-Party Interested Entities or Persons.**

As the matter progresses, it is anticipated that discovery will be made of other parties who have participated in the fraud outlined herein. Compliance with Local Rule,

//

1  3-16 will be made.
2  DATE: 8/12/08                    BY: _____
3                                       JOHN P. HANNON II
                                         Attorney for Plaintiffs:
                                         DAVID SHERMAN, et al.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## PROOF OF SERVICE BY UNITED STATES MAIL

      The undersigned hereby declares that he/she is over the age of 18 years and not a party to the action. The undersigned's business address is 716 Capitola Avenue, Suite F, Capitola, CA 95010.

      On the date last written, the undersigned delivered the following document(s):

**PLAINTIFFS CASE MANAGEMENT STATEMENT**

by personally mailing the same on the date of signature hereto to the address(es) set forth below:

Thomas E. Shuck  
Parker, Milliken, Clark, O'Hara & Samuelian  
A Professional Corporation  
555 S. Flower Street, 30th Floor  
Los Angeles, CA 90071-2440

Linda J. Lynch  
Sarrail, Lynch, & Hall, LLP  
700 Airport Blvd., Ste. 420  
Burlingame, CA 94010

Nancy O. Dix  
Jennifer Feldman  
DLA Piper US LLP  
401 B Street, Suite 1700  
San Diego, CA 92101-4207

      I declare that I am employed in the office of a member of the bar of this court at whose direction to service was made.

Dated: 8/12/08

BY: _M. Olivarez_  
MARISELA OLIVAREZ